UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | Civil Action No. CV-75-S-666-S |
| JEFFERSON COUNTY, *et al.*,<br>Defendants. | )<br>)<br>) | |
| JOHN W. MARTIN, *et al.*,<br>Plaintiffs, | )<br>)<br>) | |
| vs. | )<br>) | Civil Action No. CV-74-S-17-S |
| CITY OF BIRMINGHAM, *et al.*,<br>Defendants. | )<br>)<br>) | |
| ENSLEY BRANCH OF THE N.A.A.C.P., *et al.*,<br>Plaintiffs, | )<br>)<br>) | |
| vs. | )<br>) | Civil Action No. CV-74-S-12-S |
| GEORGE SEIBELS, *et al.*,<br>Defendants. | )<br>)<br>) | |

FILED
02 APR -5 PM 4:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR - 5 2002

## MEMORANDUM OPINION

This court has recorded grave concerns about the willingness and ability of the Jefferson County Personnel Board to fulfill its duties under the terms of its 1981 consent decree, as modified in 1995 and extended on several occasions thereafter. Those concerns were set forth in detail in the notice of commencement of criminal contempt proceedings and order to show cause entered on June 1, 2001 (doc. no. 763), and most recently in the memorandum opinion and order entered on February 8, 2002 (doc. nos. 851 & 852), concluding that the appointment of a receiver is not just warranted by the obscenely long history of these cases and the events of the past eighteen months, but "necessary to ensure that the Personnel Board finally complies with the terms of its consent decree."

Nothing that has occurred since has diminished this court's concern, nor its commitment to expeditiously resolve all issues raised in these cases in a manner that fully complies with controlling principles of federal law. Even so, as a result of research conducted following the chambers conference with counsel on March 21, 2002, this court confesses procedural error.

When entering the order and related memorandum opinion addressing the imposition of a receivership upon the Personnel Board on February 8, 2002, this court did not strictly observe "equity's time honored procedures for obtaining the enforcement of an injunction." *Wyatt v. Rogers*, 92 F.3d 1074, 1078 (11th Cir. 1996). A series of decisions rendered by the Eleventh Circuit over the past two decades — many of which have been authored for the Court by former Chief JudgeTjoflat — have embellished a common theme:

> [C]onsent decrees, like all injunctions, are to be enforced through the district court's civil contempt power — exercised after (1) the plaintiff moves the court to order the defendant to show cause why he should not be held in contempt for refusing to obey the decree's mandate, (2) the court grants the motion, and (3) the defendant fails to present a lawful excuse for his alleged disobedience....

*Reynolds v. Roberts*, 207 F.3d 1288, 1297 (11th Cir. 2000) (Tjoflat, J.) ("*Reynolds II*") (emphasis supplied); *see also, e.g., Reynolds v. Roberts*, 251 F.3d 1350, 1358 (11th Cir. 2001) (Tjoflat, J.) ("*Reynolds III*") ("[W]e reiterate what we stated in *Thomason* and *Reynolds II* — there are proper procedures to be followed for the enforcement and litigation of issues related to consent decrees."); *Florida Association for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) (per curiam) (same); *Thomason v. Russell Corp.*, 132 F.3d 632, 634 n.4 (11th Cir. 1998) (Tjoflat, J.) (observing that "the proper method of enforcing a consent decree is *not* a 'motion to enforce' or similar plea for the court to 'do something' about a violation of the decree," but a motion asking "the court to issue an order to show cause why [the defendant] should not be held in contempt and

-2-

sanctioned for failing to abide by the Decree's mandate") (emphasis in original); *Wyatt v. Rogers*, 92 F.3d 1074, 1078 n.8 (11th Cir. 1996) (Tjoflat, C.J.) ("Precedent dictates that a plaintiff seeking to obtain the defendant's compliance with the provisions of an injunctive order move the court to issue an order requiring the defendant to show cause why he should not be held in contempt and sanctioned for his noncompliance."); *Mercer v. Mitchell*, 908 F.2d 763 (11th Cir. 1990) (Tjoflat, C.J.); *Newman v. Alabama*, 683 F.2d 1312, 1318 (11th Cir.1982) (Tjoflat, J.).

In *Mercer v. Mitchell, supra,* the Eleventh Circuit held that a district court's imposition of a fine upon a Georgia County, for incarcerating more prisoners in the county jail than allowed in a prior order, without "giv[ing] the County an opportunity to show cause why it should not be held in contempt," deprived the County of "due process of the law." 908 F.2d at 766. Chief Judge Tjoflat, speaking for a majority of the *Mercer* panel,[1] wrote:

> Although a district court has a certain amount of discretion in fashioning civil contempt sanctions and the procedure by which those sanctions are imposed, the court must stay within the bounds of due process. When the purportedly contumacious conduct occurs outside the presence of the court, due process requires, with very few exceptions, that the defendant (1) be informed, through a show-cause order, of his purportedly contumacious conduct, and (2) be given a hearing at which he can be represented by counsel, call witnesses, and testify in order to show cause why he should not be held in contempt. *See In re Oliver*, 333 U.S. 257, 275, 68 S.Ct. 499, 508, 92 L.Ed. 682 (1948); *Cooke v. United States*, 267 U.S. 517, 537, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925). From these skeletal requirements, courts have fashioned a typical (although by no means exclusive) contempt proceeding. We outline that proceeding to show that the district court below substantially departed both from the model and from the requirements of due process.

*Mercer*, 908 F.2d at 766-67 (footnotes omitted). In one of the omitted footnotes, Chief Judge Tjoflat emphasized that such procedural steps were mandatory, and not dependent upon the request of a defendant charged with violation of a court's orders, because "a defendant has no reason to raise a

---

[1] The panel responsible for the Eleventh Circuit's opinion in *Mercer v. Mitchell* consisted of Chief Judge Tjoflat and Circuit Judges Anderson and Clark. *See* 908 F.2d at 765. Judge Clark dissented. *See id.* at 771.

due process argument until the error has occurred — after he has been sanctioned." *Id.* at 767 n.7.

The foregoing precedent leads to three conclusions: enforcement of consent decrees within the Eleventh Circuit must be accomplished through civil contempt proceedings; such proceedings must be initiated by a party, rather than the court *sua sponte*;[2] and, those portions of the memorandum opinion and order entered on February 8, 2002, addressing the imposition of a receivership upon the Jefferson County Personnel Board (doc. nos. 851 & 852), should be vacated for reconsideration. In like manner, this court believes that the order entered on July 26, 2001, denying the Wilks Class motion to hold the Personnel Board in civil contempt (doc. no. 787), and the order entered on September 7, 2001, denying the Wilks Class motion for reconsideration (doc. no. 798), should be vacated for reconsideration on the same precedential grounds. The Wilks Class appealed those orders to the Eleventh Circuit Court of Appeals, however.[3] This court accordingly has been divested of jurisdiction to vacate those orders. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

This court reported the foregoing conclusions, and its intention to enter an order and

---

[2]*See, e.g., Wyatt v. Rogers*, 92 F.3d 1074, 1078 n.8 (11th Cir. 1996), where the Court observed:

In seeking to enforce the court's injunctions in this case, the plaintiffs have not resorted to the traditional means of enforcing injunctions described above. Nor has the court issued orders to show cause, calling upon the allegedly recalcitrant defendants to explain why they have not complied with the injunctive provisions in question. Consequently, the hearings that the district court has convened to consider the plaintiffs' motions for enforcement have amounted for the most part to status conferences in which the court is briefed, sometimes through testimony, on the current conditions at DMH/MR institutions. ...

[3]*See Sanders v. Monsanto Co.*, 574 F.2d 198, 199 (5th Cir. 1978) ("The consent order, when accepted by the court, operated as a final judgment. Therefore, because the motion for contempt was denied after this 'judgment,' ... and no further action was necessary to quicken the denial, the action by the district court is final and therefore reviewable.") (In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.).

-4-

memorandum opinion to the same effect, to counsel for all parties during a telephone conference on March 27, 2002. That precipitated a joint motion by the Martin Plaintiffs and Bryant Intervenors (the "Martin/Bryant parties") and the Wilks Class to hold the Jefferson County Personnel Board in civil contempt (doc. no. 884). The motion asks this court to enter an order directing the Personnel Board to show cause why it should not be held in civil contempt for failing to comply with (1) this court's December 19, 1995 order, modifying the Personnel Board's 1981 consent decree, and (2) this court's December 18, 2000 order extending the 1981 consent decrees and 1995 modification orders, and why a receiver should not be appointed to assume control of all functions of the Jefferson County Personnel Board.

Upon review of the motion, the court finds that the Martin/Bryant parties and the Wilks Class have stated a case of non-compliance against the Personnel Board. Accordingly, the Personnel Board will be required to show cause why it should not be held in civil contempt.

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 5th day of April, 2002.

United States District Judge

-5-