FILED

2010 Nov-15  AM 10:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. CV-75-S-666-S |
| JEFFERSON COUNTY, ALABAMA, *et al.*,<br>　　　　Defendants. | ) ) ) | |
| JOHN W. MARTIN, *et al.*,<br>　　　　Plaintiffs, | ) ) ) | |
| vs. | ) ) | Civil Action No. CV-74-S-17-S |
| CITY OF BIRMINGHAM, ALABAMA, *et al.*,<br>　　　　Defendants. | ) ) ) | |
| ENSLEY BRANCH OF THE N.A.A.C.P., *et al.*, *et al.*,<br>　　　　Plaintiffs, | ) ) ) | |
| vs. | ) ) | Civil Action No. CV-74-S-12-S |
| GEORGE SEIBELS, *et al.*,<br>　　　　Defendants | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

These cases are before the court on the motion filed by the City of Birmingham,

Alabama ("the City") and Mayor William Bell ("the Mayor") to consolidate the civil

action captioned *Michael Carroll v. City of Birmingham, et al.,* Civil Action No.

2:10-CV-02244-KOB ("the *Carroll* case"), which currently is pending before Judge

Karon O. Bowdre of this court, with the three civil actions already consolidated

herein.[1]  Upon consideration of the motion and the parties' responses,[2] the court

concludes the motion is due to be denied.

## I.  THE *CARROLL* CASE

Michael E. Carroll, on behalf of himself and other similarly situated

individuals, filed a complaint against the City and the Mayor on August 18, 2010.[3]

Carroll is employed as a City firefighter.[4]  He alleges that the City violated the Fair

Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), by failing "to pay

overtime compensation at the statutory rate of time and one-half for all hours worked

in excess of forty (40) hours in a week . . . ."[5]   He requests certification of the

following class:

> The Class Plaintiff and all those similarly situated, including any
> firemen [sic] from the City of Birmingham who has been employed at
> any time in the previous two years that has worked more than forty (40)
> hours per week (after The City redefined overtime to be 40 hours per
> week or 160 hours in a month), without receiving overtime pay.  The
> class period is the two years preceding the filing of the present lawsuit
> to the present date or as long as this payment procedure continues by

---

[1]Doc. no. 1695.

[2]*See* doc. no. 1697 (response by Michael Carroll); doc. no. 1699 (response by the Wilks
Class); doc. no. 1700 (response by the United States); doc. no. 1701 (response by the Martin-Bryant
parties).  All of the parties who have filed responses oppose the motion to consolidate.

[3]*See* doc. no. 1695 at Exhibit 2 (Complaint in *Michael Carroll v. City of Birmingham, et al.*,
Civil Action No. 2:10-CV-02244-KOB).

[4]*Id.* at ¶ 1.

[5]*Id.* at ¶ 30.

The City.[6]

The City and the Mayor filed a motion to consolidate, requesting the same relief they request in their present motion, before Judge Bowdre on October 12, 2010.[7]  Judge Bowdre denied the motion on October 19, 2010, "because, inter alia, it was not filed in the proper case; the local practice in this district is for the motion to consolidate to be filed in the first-filed case, which typically would be the lead case in the event of consolidation."[8]

## II. MOTION TO CONSOLIDATE

The City and the Mayor request consolidation of Carroll's case with the present cases that have been pending since 1974 and 1975 pursuant to Federal Rule of Civil Procedure 42, which provides that a district court may consolidate actions that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  That rule is "a codification of a trial court's inherent managerial power '"to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."'"  *Hendrix v. Raysbestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted).

---

[6] *Id.* at ¶ 28.

[7] Doc. no. 7 in Civil Action No. 2:10-CV-2244-KOB.

[8] Doc. no. 9 in Civil Action No. 2:10-CV-2244-KOB.

A district court's decision under Rule 42(a) is purely discretionary. *In re Air Crash*, 549 F.2d at 1013; *Whiteman v. Pitrie*, 220 F.2d 914, 917-18 (5th Cir. 1955). In exercising its discretion, the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

> *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *cert. denied*, 460 U.S. 1102, 103 S. Ct. 1801, 76 L. Ed.2d 366 (1983) and 464 U.S. 1040, 104 S. Ct. 703, 79 L. Ed.2d 168 (1984).

*Hendrix,* 776 F.2d at 1495 (bracketed alterations in original).   The City and the

Mayor assert that

> [t]he Carroll case, which is brought pursuant to the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201, et seq., involves the alleged unlawful personnel practices of the City of Birmingham with respect to rates of pay for firefighters. . . .  Thus, the Carroll case is inextricably related to those personnel actions that are currently pending before this Court.[9]

According to the City and the Mayor, because this court has already "assumed a

supervisory role over the City's personnel matters," it must now also exercise

jurisdiction over Carroll's claims.[10]  Additionally, the City and the Mayor assert that

---

[9]Doc. no. 1695, at ¶ 3.

[10]*See id.* at ¶ 1.

4

"it would create an undue burden on the City of Birmingham's scarce resources if it were forced to litigate the pending actions in multiple proceedings."[11]

The court disagrees with the City and the Mayor on every point. First of all, there are few, if any, questions of law or fact common to the *Carroll* case and the long-suffering institutional discrimination litigation before this court. The cases already consolidated herein are founded upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, not the Fair Labor Standards Act of 1938. These cases concern systemic race and gender discrimination by the City, not failure to pay overtime compensation. Thus, while the present cases and the *Carroll* case do all broadly address "employment practices" of the City, the similarity ends there.

Furthermore, consolidation would not serve the ends of judicial economy, either for this court or for the litigants. The cases already consolidated herein have been pending for more than thirty-five years, and the only issue preventing termination of the City's consent decree is the so-called "I-1 interface problem" with the Personnel Board of Jefferson County, which is expected to be resolved by February of 2011. The *Carroll* case, on the other hand, has only just begun. Judge

---

[11]*Id.* at ¶ 7.

Bowdre has set a scheduling conference for November 19, 2010,[12] and it is likely that the parties have not yet even commenced discovery.  If the *Carroll* case became intertwined with the present actions, the attorneys in the *Carroll* case would become bogged down in attempting to familiarize themselves with thirty-five years' worth of litigation history,[13] and the attorneys in the present cases would be distracted by concerning themselves with Carroll's claims, which relate only tangentially to the present claims.  Those efforts would certainly be costly, in terms of both time and financial resources, and would outweigh any potential cost savings from litigating all cases in the same proceeding.

Finally, this court has never "assumed a supervisory role over the City's personnel matters," as the City and the Mayor allege.[14]  It is true that, in a February 17, 2010 order, this court did require the City to "report on its plan for solving these and **any other** problems that might have a bearing on the City's ability to comply with federal law absent judicial supervision."[15]  That sentence cannot reasonably be interpreted to require this court to take over any case involving an alleged violation of federal law by the City of Birmingham.  The "federal law[s]" referenced in the

---

[12]*See* doc. no. 14 in Civil Action No. 2:10-CV-2244-KOB.

[13]The attorneys who represent the City and the Mayor in the *Carroll* case are not the same as the attorneys who represent those parties in this litigation.

[14]*See* doc. no. 1695, at ¶ 1.

[15]Doc. no. 1675, at 3.

February 17, 2010 order were Title VII and the Equal Protection Clause of the Fourteenth Amendment.  The plaintiffs in the present cases did not allege violations of any other federal statutes, and the City's consent decree does not concern any other statutes.  Thus, this court's supervisory powers do not extend to claims for violations of the FLSA.

### III. CONCLUSION AND ORDER

In summary, the City and the Mayor have not satisfied their burden of persuading this court that consolidation of the present cases with the *Carroll* case would be appropriate.  Accordingly, their motion to consolidate is DENIED.

DONE this 15th day of November, 2010.

_____
United States District Judge

7