IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEFFERSON COUNTY, ALABAMA, et al., ) <br> ) <br> Defendants, ) | CIVIL ACTION NO. CV-75-S-666-S |
| JOHN W. MARTIN, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF BIRMINGHAM, ALABAMA, et al., ) <br> ) <br> Defendants, ) | CIVIL ACTION NO. CV-74-S-17-S |
| ENSLEY BRANCH OF THE N.A.A.C.P., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GEORGE SIEBELS, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. CV-74-S-12-S |

**<u>CITY OF BIRMINGHAM, ALABAMA'S MOTION TO DISSOLVE
THE CONSENT DECREE, AS AMENDED, AND TO DISMISS THE
CITY OF BIRMINGHAM, ALABAMA, AS A PARTY</u>**

COMES NOW the City of Birmingham, Alabama (the "City"), by and through the undersigned counsel, and moves this Honorable Court to dissolve the

1981 Consent Decree, as amended,[1] and to dismiss the City as a party. As general grounds for this motion, the City shows: (1) that the purposes of the Consent Decree have been achieved, and (2) there is no continuing unlawful employment discrimination or vestiges of prior unlawful discrimination prohibited by federal law. The stated purposes of the Consent Decree were "(a) to ensure that any and all unlawful barriers to employment, assignment, and promotion that have existed for blacks and women [were] removed; (2) that any present effects of past employment discrimination [were] fully remedied; and (3) that equal employment opportunities with the City are available to **all persons, regardless of race or sex, as required by Title VII of the Civil Rights Act of 1964, as amended.**" (Doc. # 1399, p. 8) (quoting ¶ 5 of 1995 Modification Order) (emphasis added).

In addition, this Court has recognized that the City implicitly promised "that all remedial measures instituted pursuant to the terms of its consent decree, and for the purpose of complying with federal constitutional and statutory requirements, *would carry forward into the future, beyond the date of terminating judicial supervision.*" (Doc. # 1399, p. 9). (emphasis in original).

The City is prepared to demonstrate to this Court: (1) that the purposes of the litigation, as incorporated in the Consent Decree have been fully achieved as required by Board of Education of Oklahoma Public School v. Donnell, 498 U.S.

---

[1] The City's consent decree consists of the original decree signed in May 1981 ("1981 Decree"), a modification order dated December 19, 1995 (later modified April 26, 1996) ("1995 Modification Order") and a modification order dated December 18, 2000 ("2000 Modification Order"). For ease of reference, the City will refer to the 1981, 1995 and 2000 orders collectively as "the Consent Decree".

237, 247 (1981), and that it is "unlikely the City would return to its former ways" following the termination of judicial supervision. *Id.* United States v. City of Miami, 2 F.3d 1497, 1505 (1993). (Doc. # 1399, p. 10).

As specific grounds for this motion, the City shows as follows:

1. The City last filed a motion to terminate the remainder of the Consent Decree on June 13, 2008. (Doc. # 1486). The City hereby adopts and incorporates herein, for the sake of judicial economy, those relevant and applicable portions of the June 13, 2008 motion (Doc. #1486), and the citations to the record and legal authorities contained in that motion.

2. The June 13, 2008 motion appears to have been neither expressly granted nor expressly denied.

3. A show cause hearing was held in this matter on February 11, 2010.

4. As a result of the February 11, 2010 show cause hearing, the Court issued an order dated February 17, 2010, requiring the City to submit a report outlining in detail its plan for resolving **"all remaining issues"** with the Personnel Board of Jefferson County (the "Personnel Board"), including the I-1 interface problem **"and other issues. . . . "** (Doc. # 1675, pp. 1-3).

5. Pursuant to the Court's February 17, 2010 Order, the City and Personnel Board submitted a joint report on April 12, 2010, outlining a detailed plan to resolve all remaining issues, including the I-1 interface problems and the "other issues" listed in the Court's February 17, 2010 Order. (Doc. # 1675).

6. The City is prepared to demonstrate at a hearing on this motion that it has resolved with the Personnel Board all remaining issues, including resolution of the I-1 interface problems and all associated backlogs of personnel actions owed to the Personnel Board, and all "other issues" listed in the Court's February 17, 2010 Order.

7. The City has (1) complied in all respects with the Consent Decree; (2) the purposes of the litigation as incorporated in the Consent Decree have been fully achieved; and (3) it is unlikely the City would return to its former ways following the termination of judicial supervision. Since all remedial measures have been instituted pursuant to the Consent Decree and the City can demonstrate that it will comply with federal constitutional and statutory laws, and the City can and has demonstrated the remedial measures will carry forward into the future beyond the date of terminating judicial supervision, this motion to dissolve the Consent Decree and to dismiss the City as a party is due to be granted.

WHEREFORE, PREMISES CONSIDERED, the City prays this Honorable Court will, after a hearing and proof on this motion, dissolve the 1981 Consent Decree, as amended, and dismiss it as a party to this action.

/s/ *Michael K. K. Choy*
Michael K. K. Choy
One of the Attorneys for Defendant
CITY OF BIRMINGHAM, ALABAMA

OF COUNSEL:
Michael L. Lucas
Elizabeth B. Shirley
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2011, I electronically filed the foregoing MOTION TO DISSOLVE THE CONSENT DECREE, AS AMENDED, AND TO DISMISS THE CITY OF BIRMINGHAM, ALABAMA, AS A PARTY with the Clerk of Court using the CM/ECF system, which should serve the following counsel, or if they do not participate in the CM/ECF system, by U.S. First Class Mail, hand delivery, fax or email:

Rowan Wilson, Esq.
Kristy Greenberg, Esq.
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019-7415

Raymond P. Fitzpatrick, Esq.
Fitzpatrick & Brown
Farley Building, 6th Floor
1929 Third Avenue North
Birmingham, Alabama  35203

Barbara E. Thawley, Esq.
Jay Adelstein, Esq.
U.S. Department of Justice
4500 PHB, Civil Rights Division
950 Pennsylvania Avenue NW
Washington, DC  20530

John G. Veres, III
Office of The Chancellor
Auburn University at Montgomery
Post Office Box 244023
Montgomery, Alabama  36124-4023

Aaron L. Dettling, Esq.
Leslie Allen Coyne, Esq.
Balch & Bingham LLP
Suite 1500
1901 Sixth Avenue North
Birmingham, Alabama  35201-0306

Charlie D. Waldrep, Esq.
Wayne Morse, Jr., Esq.
Waldrep, Stewart & Kendrick
2323 2nd Avenue North
Birmingham, Alabama  35203

Charles C. Wagner, Esq.
Theodore A. Lawson, Esq.
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama  35203

Dr. William Sauser, Jr.
Professor & Associate Dean for Outreach
Lowder Business Building
415 Magnolia Avenue
Auburn University, Alabama  36849

/s/ Michael K. K. Choy
OF COUNSEL