UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>-against-<br><br>JEFFERSON COUNTY, *et al.*,<br><br>                              Defendants. | Civil Action No. CV-75-S-666-S |
| JOHN W. MARTIN, *et al.*,<br><br>                              Plaintiffs,<br><br>-against-<br><br>CITY OF BIRMINGHAM, *et al.*,<br><br>                              Defendants. | Civil Action No. CV-74-S-17-S |
| ENSLEY BRANCH OF THE N.A.A.C.P., *et al.*,<br><br>                              Plaintiffs,<br><br>-against-<br><br>GEORGE SEIBELS, *et al.*,<br><br>                              Defendants. | Civil Action No. CV-74-S-12-S |

**MARTIN/BRYANT PARTIES' REQUEST FOR RECONSIDERATION OF THE COURT'S DECEMBER 21, 2011, ORDER**

Pursuant to Part IV(B)(2)(c) of the Court's Alternative Dispute Resolution Plan ("ADR Plan"), the Martin Plaintiffs and Bryant Intervenors (the "Martin/Bryant Parties") respectfully submit this request for reconsideration of the Court's December 21, 2011, Order (the "Order") directing the County and the Martin/Bryant Parties to proceed to mediation. The Martin/Bryant Parties have shared this request with the United States, and it concurs with the approach being recommended.

## Discussion

The Court's December 21, 2011, Order provides, in pertinent part, that no later than January 11, 2012, the County and the Martin/Bryant Parties are to commence mediation in accordance with the Court's ADR Plan, under the supervision of a mediator drawn from the Alabama State Bar Association's Governmental Affairs Committee. (Order at 3-4.) For the following four reasons, the Martin/Bryant Parties respectfully request that the Court reconsider its decision to direct the parties to such mediation and instead allow the parties to proceed with the approach set forth in the Court's November 18, 2011, memo to counsel, pursuant to which the County and the Martin/Bryant Parties would report to the Court at the January 26, 2012, status conference whether mediation of the Martin/Bryant Parties' claims is feasible. (*See* Nov. 18, 2011, Memo to Counsel at 6.)

*First*, since the Court issued its November 18, 2011, memo to counsel, counsel for the County and the Martin/Bryant Parties have been in contact regarding how best to proceed with respect to the Martin/Bryant Parties' pending motion for contempt and modification of the County Decree. Those exchanges have made clear that in order to determine whether a negotiated settlement is possible—with or without the assistance of a mediator—the County and the Martin/Bryant Parties need further to discuss and to exchange information on employment decisions that have been made by the County over the past year. Specifically, in recent months the County has placed over 500 workers on unpaid administrative leave[1] and it has plans to eliminate approximately 300 jobs beginning in early January.[2] Those actions are not reflected in the County's semiannual reports, and the parties will need time to obtain and evaluate that information. In addition, the County has recently hired a County Manager, and has informed the Martin/Bryant Parties that employment decisions are now, to some degree, centralized in that office. Those and other actions by the County may alter some of the relief the Martin/Bryant Parties are seeking in their contempt motion,

---

[1] *See* Barnett Wright, *Jefferson County Layoffs Begin; 546 To Get Pink Slips*, Birmingham News, June 17, 2011, http://blog.al.com/spotnews/2011/06/jefferson_county_layoffs_begin.html.

[2] *See* Barnett Wright, *Jefferson County to Eliminate About 300 Jobs*, Birmingham News, Dec. 18, 2011, http://blog.al.com/spotnews/2011/12/jefferson_county_to_eliminate.html.

and/or they may affect the scope of the proposed decree modifications. As a result, the County and the Martin/Bryant Parties need to continue discussions and to receive and evaluate information before they can assess whether mediation would be feasible.

*Second*, despite the generous and unquestionably public-spirited offer of *pro bono* mediation services, the Alabama State Bar Association's Governmental Affairs Committee is not an appropriate source of mediators for this case. Mr. Hosp, the County's lead counsel in this matter, is a member of that committee. In addition, because the Committee is composed of lawyers who regularly deal with Alabama governmental entities, and the defendant is a governmental entity, the appointment of a mediator from that Committee may not appear to provide the impartiality required by this Court's ADR Plan.[3] (*See* ADR Plan Part II (contemplating that mediators be neutral persons).)

*Third*, as the Court is painfully aware, the underlying litigation is protracted, complex, and often requires familiarity with Title VII, Section 1983,

---

[3] The "Mediation Track" of the Court's ADR Plan affords the parties an initial opportunity to select a mediator by agreement. (*See* ADR Plan at Part IV(B)(3)(a).) In the event the parties are unable to select a mediator, the Court then "send[s] to the parties a list of the names of three . . . proposed mediators taken from the Federal Court Panel". (*Id.* at Part IV(B)(3)(b).) Of course, the Court may abrogate that entire process, but the Martin/Bryant Parties respectfully suggest that the Court's decision to do so would be better informed if made after hearing from the parties on January 26, 2012.

and Industrial/Organization psychology and statistics. Although some member(s) of the Governmental Affairs Committee may have such expertise, we do not know whether that is so. On the other hand, the Court's initial selection, Mr. Gonzalez, appears to have a substantial amount of such experience. Although his services would not be free, to our knowledge the County has not suggested that the cost of Mr. Gonzalez—or any other mediator—would be an obstacle to mediation if the parties deem mediation feasible.

*Fourth*, the Martin/Bryant Parties' motion is not only a motion for contempt, but also a motion to modify the County Decree. (*See* Martin/Bryant Parties' Motion to Hold Defendant Jefferson County in Civil Contempt and Modify Jefferson County Consent Decree (Doc No. 1413).) Technically, the Martin/Bryant Parties might be able to mediate the resolution of the contempt portion of that motion without the participation of the United States, although that seems imprudent given that the United States is a signatory to the Decree. However, the Martin/Bryant Parties as well as the United States do not believe modification of the Decree would be possible without the participation of the United States. Thus, if mediation is to proceed in this case it should include the United States.

In sum, the Martin/Bryant Parties respectfully suggest that the Court proceed with the approach detailed in the November 18, 2011, memo to counsel.

4

Pursuant to that approach the County and the Martin/Bryant Parties would report to the Court at the January 26, 2012, status conference the fruits of their discussions, including whether mediation of the Martin/Bryant Parties' claims appears feasible. At that point, if mediation does seem feasible, the Court can then address the issue of the selection of an appropriate mediator.

## **Conclusion**

For the reasons set forth above, the Martin/Bryant Parties respectfully request that the Court reconsider its December 21, 2011, Order.

Dated:  December 22, 2011

                              Respectfully submitted,

                              /s/ Rowan D. Wilson
                              Rowan D. Wilson
                              Margaret E. Lynaugh
                              Cravath, Swaine & Moore LLP
                                 Worldwide Plaza
                                    825 Eighth Avenue
                                      New York, NY 10019
                                        (212) 474-1000
                                            rwilson@cravath.com

                              *Attorneys for Plaintiffs John W. Martin, et al, and Intervenors Gwendolyn Bryant, et al.*

6

# CERTIFICATE OF SERVICE

I, Rowan D. Wilson, hereby certify on the 22nd day of December, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record and the Court-appointed special master.

Jay D. Adelstein, Esq.
    Employment Litigation Section, Attn: 4500 PHB
        Civil Rights Division
            United States Department of Justice
                950 Pennsylvania Avenue, N.W.
                    Washington, D.C. 20530

T.A. Lawson, II, Esq.
Edwin A. Strickland, Esq.
    Assistant County Attorney
        280 Jefferson County Courthouse
            716 Richard Arrington Jr. Blvd. North
                Birmingham, AL 35203

Edward A. ("Ted") Hosp, Esq.
Janell M. Ahnert, Esq.
Grace R. Murphy, Esq.
    Maynard, Cooper, and Gale, P.C.
        1901 6th Avenue North
            2400 Regions/Harbert Plaza
                Birmingham, AL 35203

Dr. John G. Veres, III
    Office of the Chancellor
        Auburn University at Montgomery
            P.O. Box 244023
                Montgomery, AL 36124-4023

James E. Murrill, Jr., Esq.
Robert R. Riley, Jr., Esq.
Keith Jackson, Esq.
Tammy Woolley, Esq.
Kallie C. Lunsford, Esq.
   Riley & Jackson, P.C.
      1744 Oxmoor Road
         Birmingham, AL 35209

Raymond P. Fitzpatrick, Jr., Esq.
   Fitzpatrick, Cooper & Clark, LLP
      Farley Building, Suite 600
         1929 Third Avenue North
           Birmingham, AL 35203

Michael K. K. Choy, Esq.
Elizabeth B. Shirley, Esq.
Michael L. Lucas, Esq.
   Burr & Forman, LLP
      420 North 20th St., Suite 3400
         Birmingham, AL 35203

Leslie A. Coyne, Esq.
Aaron L. Dettling, Esq.
   Balch & Bingham, LLP
      1901 6th Avenue North, Suite 1500
         Birmingham, AL 35203

Byron R. Perkins, Esq.
   Perkins Law
      2170 Highland Avenue South, Suite 100
         Birmingham, AL 35205

Jonice M. Vanterpool, Esq.
   Hand Arendall LLC
      2001 Park Place North
         1200 Park Place Tower
           Birmingham, AL 35203