FILED
2012 AUG 23 A 11:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>-against-<br><br>JEFFERSON COUNTY, et al.,<br><br>                     Defendants. | Civil Action No. CV-75-S-666-S |
| JOHN W. MARTIN, et al.,<br><br>                     Plaintiffs,<br><br>-against-<br><br>CITY OF BIRMINGHAM, et al.,<br><br>                     Defendants. | Civil Action No. CV-74-S-17-S |
| ENSLEY BRANCH OF THE N.A.A.C.P., et al.,<br><br>                     Plaintiffs,<br><br>-against-<br><br>GEORGE SEIBELS, et al.,<br><br>                     Defendants. | Civil Action No. CV-74-S-12-S |

**REVISED JOINT PRE-TRIAL ORDER**

Pursuant to the Court's Order dated April 4, 2012 [doc. 1736], counsel for the Martin/Bryant parties, the United States and Jefferson County have conferred, and the following statements, directions and agreements are adopted as the Pretrial Order herein.

1

## I. NATURE OF THE ACTION

On December 29, 1982, Jefferson County (the "County") entered into a consent decree. In 2004, the Martin/Bryant parties and the United States commenced discovery of the County's compliance with its decree. On August 7, 2007, pursuant to paragraph 4 of the 1982 Consent Decree with Jefferson County, the Martin/Bryant parties provided the County with notice of plaintiffs' intention to enforce, by a motion for contempt, various provisions of the Decree, and, as required by that paragraph, described the nature of the violations and the relief sought. See Letter from Mr. Wilson to Mr. Strickland, dated August 7, 2007.

At status conferences in August and September 2007, the Martin/Bryant parties informed the Court and the parties that they plan to submit most of their proof on a paper record, by designation of deposition testimony of County managers and by documentary evidence produced by the County. See Hr'g Tr. 8-9, August 16, 2007; see Hr'g Tr. 12-13, 16-17, September 20, 2007.

On October 3, 2007, the Martin/Bryant parties filed a motion to hold Jefferson County in civil contempt and to modify the County decree. On March 25, 2008, the County was ordered to show cause why it should not be held in civil contempt for failing to comply with the Decree, why the court should not modify the Decree in the manner proposed by the Martin-Bryant parties and grant such other equitable relief as is necessary to purge the County of its contempt and secure compliance with the Decree. On April 28, 2008, Jefferson County filed its response to the Court's order to show cause. On August 1, 2008, the Court entered an Order granting in part and denying in part the Martin/Bryant parties' motion to strike and for sanctions. The positions of the parties with regard to this motion are stated in the County's response to the Court's show cause order, dated August 15, 2008 [doc. 1527], the County's motion for

2

reconsideration, dated August 15, 2008 [doc. 1528], and the Martin/Bryant parties' response, dated August 25, 2008 [doc. 1535].

On March 30, 2009, a bench trial commenced on these issues and Kimberly Oden-Webster, Milton Williams, Eric Howard, Zada Nygren, Wayne Williams, David Lee, and Terry Johnson testified before the Court. The trial was recessed on April 1, 2009, for reasons unrelated to the merits of the case. On March 16, 2012, the Court issued an order reconvening trial for September 10, 2012. On April 4, 2012, the Court issued an order setting all remaining pre-trial deadlines.

## II. STIPULATED FACTS

The parties have stipulated to the following facts:

1. The County's employee selection procedure, i.e. the Structured Interview Process, has not been validated as lawful under the Uniform Guidelines and/or controlling Federal law.

2. The 2011 ALWOP and 2012 reduction-in-force had an adverse impact on African Americans and women in certain departments.

3. The County has not evaluated supervisory personnel, in part, on the basis of their compliance with their responsibilities as well as their cooperation with the Affirmative Action Officer, as required by paragraph 31 of the Consent Decree.

## III. WITNESSES

The parties have listed below the various witnesses that may be called for live testimony at trial, in the order in which the parties intend to call them. In any event, absent good cause shown, no changes to the schedule shall be allowed without at least 24 hours notice to the

other party, although the parties may choose not to call a witness listed below without providing 24 hours notice. The Martin/Bryant parties reserve the right to call any County witnesses listed below should the County not call them for live testimony at trial. The County reserves the right to call any witness required for rebuttal; the Martin/Bryant parties do not agree that the County has any such right. Pursuant to Fed. R. Evid. 615, the Court orders witnesses be excluded from the courtroom so that they cannot hear the testimony of other witnesses. The parties agree not to disclose the courtroom testimony given by other witnesses to excluded witnesses. After testifying and provided they will not be recalled, witnesses are no longer subject to the Rule and may remain in the courtroom.

### IV. THE MARTIN/BRYANT PARTIES' LIVE WITNESS LIST

1. Kimberly Oden-Webster: Human Resources department's noncompliance with the consent decree.

2. Robby Bennett: Environmental Services department's noncompliance with the consent decree.

3. David Shockey: Information Services department's noncompliance with the consent decree.

4. Jon Moon: Roads and Transportation department's noncompliance with the consent decree.

5. William Corley: Roads and Transportation department's noncompliance with the consent decree.

6. Jon Fancher: General Services department's noncompliance with the consent decree.

7. Dr. Kathleen Lundquist[1]: opinions contained in her expert reports and rebuttal report, and the reasons underlying those opinions, and may testify in rebuttal to address matters raised by defendant during its case in chief.

---

[1] Due to Dr. Lundquist's schedule, she may need to be called earlier, but she will not be called prior to Robby Bennett's testimony.

8. Malinda Parker: personal experiences as an employee in the Tax Collector department.

9. Annie Ward: personal experiences as an employee in the Finance department.

10. Dorothea Pruitt: personal experiences as an employee in the Finance department.

11. Maurice Myers: personal experiences as an employee in the Information Services department.

12. Commissioner Shelia Smoot: Roads and Transportation department's and Information Services department's noncompliance with the consent decree.

V. **JEFFERSON COUNTY'S LIVE WITNESS LIST**

1. Commissioner David Carrington
   - Jefferson County's commitment to and compliance with Consent Decree
   - Other Jefferson County procedures
   - Impact of Jefferson County's financial condition and bankruptcy on hiring practices (ALWOP and RIF)

2. Commissioner Sandra Little Brown
   - Jefferson County's commitment to and compliance with Consent Decree
   - Other Jefferson County procedures
   - Impact of Jefferson County's financial condition and bankruptcy on hiring practices (ALWOP and RIF)

3. Dr. Janet Thornton
   - The absence of adverse impact in the majority of Jefferson County's departments and job classifications
   - The Martin/Bryant parties' failure to demonstrate adverse impact
   - Comparison of Jefferson County workforce to the availability of minority applicants for Jefferson County positions

4. Dr. Kathleen Lundquist (if needed)
   - Issues raised in the APT expert report of June 6, 2008 and June 22, 2012, APT's rebuttal report of June 30, 2008 and her deposition of July 16, 2008

5. Christina Norris-Watts (if needed)
   - Issues raised in the APT expert report of June 6, 2008 and June 22, 2012, APT's rebuttal report of June 30, 2008 and Dr. Lundquist's deposition of July 16, 2008

6.  Demetruis Taylor (if needed)
    - Jefferson County's good faith efforts to comply with its obligations under the Consent Decree
    - The creation and function of Jefferson County's Human Resources Department
    - Jefferson County's good faith effort to achieve the employment of qualified blacks and females in job vacancies in the classified service of the County in numbers approximating their percentage representation among persons on the eligibility lists for those jobs as determined by the Jefferson County Personnel Board

7.  Landon Dowe (if needed)
    - Jefferson County's semi-annual and annual reporting obligations under the Consent Decree
    - Record-keeping of recruitment efforts
    - Jefferson County's Affirmative Action Officers
    - Posting of written announcements for hiring, promotion and training opportunities
    - Jefferson County's efforts to prevent unlawful discrimination on the basis of race and sex
    - Provisional Appointment Process
    - Policies regarding outsourcing of Jefferson County jobs to independent contractors
    - Anti-Nepotism policies
    - Jefferson County's good faith effort to achieve the employment of qualified blacks and females in job vacancies in the classified service of the County in numbers approximating their percentage representation among persons on the eligibility lists for those jobs as determined by the Jefferson County Personnel Board

8.  Lorren Oliver (if needed)
    - Policies regarding outsourcing of Jefferson County jobs to independent contractors
    - Jefferson County's good faith effort to achieve the employment of qualified blacks and females in job vacancies in the classified service of the County in numbers approximating their percentage representation among persons on the eligibility lists for those jobs as determined by the Jefferson County Personnel Board
    - Authenticity of Personnel Board of Jefferson County Documents
    - Personnel Board of Jefferson County Rules regarding Reduction in Force, Seniority Calculations

9.  County Manager, Tony Petelos
    - Jefferson County's commitment to and compliance with Consent Decree
    - Other Jefferson County procedures

- Impact of Jefferson County's financial condition and bankruptcy on hiring practices (ALWOP and RIF)

## VI. UNITED STATES' LIVE WITNESS LIST.

The United States does not intend to call live witnesses but reserves the right to cross examine witnesses produced by the Martin/Bryant parties and Jefferson County.

## VII. DEPOSITION DESIGNATIONS

The Martin/Bryant parties intend to offer testimony by deposition as described in Exhibit A. Jefferson County's objections to the Martin/Bryant parties' deposition designations are described in Exhibit B. Jefferson County's counter-designations are described in Exhibit C. The Martin/Bryant parties' objections to Jefferson County's counter-designations are described in Exhibit D.

## VIII. TRIAL EXHIBITS.

Each party shall provide the Court with their intended trial exhibits in a format specified by the Court. The Court will also instruct the parties whether it would prefer that the parties provide only their supplemental intended trial exhibits, or a complete set of intended trial exhibits. The parties will provide other trial counsel an electronic copy of their supplemental intended trial exhibits designated with exhibit numbers. Copies of these exhibits as stated above shall be provided to the Court and opposing counsel by August 27, 2012.

Absent good cause, each party shall produce for the other party's inspection any demonstrative exhibit that a party intends to use or rely on at trial at 7 pm CST the night before such exhibit is used (unless such exhibit is prepared in response to testimony that was given the same day the exhibit is being used, in which case, the party using such exhibit shall provide advance notice at the earliest practicable time). Demonstratives created in the course of examining a witness shall not be subject to the 7 pm notice requirement.

Case 2:75-cv-00666-CLS Document 1751 Filed 08/23/12 Page 8 of 11

## IX. THE MARTIN/BRYANT PARTIES' INTENDED TRIAL EXHIBITS.

The Martin/Bryant parties' intended trial exhibits are listed in Exhibit E hereto. The Martin/Bryant Parties have assigned each exhibit a unique "PX" number. The Martin/Bryant parties have identified each exhibit by date and production number (where available), and provided a brief description of the document. Jefferson County's objections to the Martin/Bryant parties' intended trial exhibits are listed in Exhibit F hereto. Unless an objection to an intended trial exhibit has been noted, all the Martin/Bryant parties' intended trial exhibits shall be deemed admitted into evidence without objection. The merits of any of the County's objections noted on Exhibit F shall be resolved at trial or will be addressed as the Court sees fit.

## X. JEFFERSON COUNTY'S INTENDED TRIAL EXHIBITS.

Jefferson County's intended trial exhibits are listed in Exhibit G hereto. Jefferson County has assigned each exhibit a unique "Def." number. Jefferson County has identified each exhibit by date and production number (where available), and provided a brief description of the document. The Martin/Bryant parties' objections to Jefferson County's intended trial exhibits are listed in Exhibit H hereto. Unless an objection to an intended trial exhibit has been noted, all Jefferson County's intended trial exhibits shall be deemed admitted into evidence without objection. The merits of any of the Martin/Bryant parties' objections noted on Exhibit H shall be resolved at trial or will be addressed as the Court sees fit.

## XI. UNITED STATES' INTENDED TRIAL EXHIBITS.

The United States does not intend to introduce any trial exhibits but reserves the right to rely on exhibits introduced by the Martin/Bryant parties and Jefferson County.

8

## XII. LENGTH OF TRIAL

The Court has scheduled the trial to resume on September 10, 2012. The estimated length of the remaining trial is seven-ten days.

Dated: August 22, 2012

_____
Hon. C. Lynwood Smith, Jr.

| MAYNARD, COOPER AND GALE, P.C. | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| By: /s Grace Murphy (with permission)<br>Edward A. "Ted" Hosp<br>Janell M. Ahnert<br>Grace R. Murphy<br>Stephanie H. Mays<br><br>1901 6th Avenue North<br>2400 Regions/Harbert Plaza<br>Birmingham, AL 35203<br>(205) 254-1000<br><br>*Attorneys for Defendant Jefferson County* | By: /s Rowan D. Wilson<br>Rowan D. Wilson<br>Margaret E. Lynaugh<br>Rachel M. Fritzler<br>Lauren M. Rosenberg<br><br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000<br><br>*Attorneys for Plaintiffs John W. Martin, et al. and Intervenors Gwendolyn Bryant, et al.* |

UNITED STATES DEPARTMENT OF JUSTICE

By: /s Jay D. Adelstein (with permission)
Jay D. Adelstein
Joseph J. Sperber, IV

 Employment Litigation Section –
 Civil Rights Division
 950 Pennsylvania Ave., N.W.
 Washington, DC 20530
 (202) 514-3749

*Attorneys for the United States Department of Justice*

CERTIFICATE OF SERVICE

I hereby certify that, on the 15th day of August, 2012, I electronically filed the foregoing "Revised Joint Pre-Trial Order" using the CM/ECF system, which will send notification of such filing to the following counsel of record, the Court-appointed expert (listed below), and the Monitor (listed below).

Jay D. Adelstein, Esq.
Joseph J. Sperber, IV, Esq.
    Employment Litigation Section, Attn: 4500 PHB
    Civil Rights Division
    United States Department of Justice
    950 Pennsylvania Avenue, N.W.
    Washington, D.C. 20530

T.A. Lawson, II, Esq.
Edwin A. Strickland, Esq.
  Assistant County Attorney
    280 Jefferson County Courthouse
    716 Richard Arrington Jr. Blvd. North
    Birmingham, AL 35203

Dr. John G. Veres, III
    Office of the Chancellor
    Auburn University at Montgomery
    P.O. Box 244023
    Montgomery, AL 36124-4023

Edward A. Hosp, Esq.
Janell M. Ahnert, Esq.
Grace R. Murphy, Esq.
Stephanie H. Mays, Esq.
  Maynard, Cooper, and Gale, P.C.
    1901 6th Avenue North
    2400 Regions/Harbert Plaza
    Birmingham, AL 35203

James E. Murrill, Jr., Esq.
Robert R. Riley, Jr., Esq.
Keith Jackson, Esq.
Kallie C. Lunsford, Esq.
  Riley & Jackson, P.C.
    1744 Oxmoor Road
    Birmingham, AL 35209

Leslie A. Coyne, Esq.
    Aaron L. Dettling, Esq.
        Balch & Bingham, LLP
            1901 6th Avenue North, Suite 1500
                Birmingham, AL 35203

Byron R. Perkins, Esq.
    Perkins Law
        2170 Highland Ave. South, Suite 100
           Birmingham, AL 35253

Dr. William Sauser, Jr.
    Professor & Associate Dean for Outreach
    Lowder Business Building
        415 West Magnolia Avenue
            Birmingham, AL 36849

                        /s/ Rowan D. Wilson
                        Rowan D. Wilson

                        CRAVATH, SWAINE & MOORE LLP
                        Worldwide Plaza
                        825 Eighth Avenue
                        New York, NY 10019
                        Phone: (212) 474-1000
                        Fax: (212) 474-3700
                        E-mail: rwilson@cravath.com