## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| United States of America | **SUBPOENA IN A CIVIL CASE** |
| v. | CASE NUMBER[1]: CV-75-S-666-S |
| Jefferson County, et al. | |

To: Robby G. Bennett
3923 Clear Water Drive
Bessemer, AL 35020

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Hugo Black United States Courthouse
1729 5th Avenue North
Birmingham, AL 35203 | 5B |
| | DATE AND TIME
December 3, 2012, 9:00 AM, day to day until completed |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The testimony will be recorded by the following method(s):
☐ stenographic; ☐ sound; ☐ sound and visual

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*     Attorney for     Martin/Bryant Parties | November 5, 2012 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lauren M. Rosenberg, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 8th Avenue, NY, NY 10019, (212) 474-1716

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE 12/1/12 3:37pm | PLACE 375 Waterford Cove Trail, Calera, AL 35040 |
| SERVED ON (PRINT NAME) Bobby G Bennett | | MANNER OF SERVICE Personal |
| SERVED BY (PRINT NAME) Scott G Hadly | | TITLE CPS #3767 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   12/2/12
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
HAD-FAM INVESTIGATION
& LEGAL SERVICES
725 West St, Ste B
MONTEVALLO, AL 35115
PH 205-476-8136

### Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007.

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(C)(3)(A)(ii).

IN THE UNTIED STATES DISTRICT COURT, NORTHERN DISTRICT OF ALABAMA

UNTIED STATES OF AMERICA,

    Plaintiff,

vs.                                                        Case No.: cv-75-s-666-s

JEFFERSON COUNTY, ET AL.,

    Defendant

## AFFIDAVIT OF SERVICE

I, Scott G. Hadly, received the Subpoena for Robby G. Bennett on Friday, November 30, 2012 at 10:00 pm. I served the Subpoena and a witness of Seventy-Six dollars, ($76.00) to Robby G. Bennett personally at his home address of 375 Waterford Cove Trail, Calera, AL 35040, on December 01, 2012 at 3:37 pm. Robby G. Bennett is a white male, about 40-45 years of age, about 5'6" tall, weighing around 150#, with salt and pepper hair.

Scott G. Hadly
Had-Fam Investigations and Legal Services
725 West Street, Suite "B"
Montevallo, AL 35115
205-476-8136

Sworn and subscribed before me on this, the 2nd day of December, 2012

Notary

SANDRA A MCDONALD
NOTARY PUBLIC
ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES AUGUST 10, 2016