FILED
2013 Jan-28 PM 05:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>        Plaintiff,                                    )<br>                                                            )<br>vs.                                                     )<br>                                                            )<br>JEFFERSON COUNTY, ALABAMA, *et al.*,  )<br>        Defendants.                               ) | Civil Action No. CV-75-S-666-S |
| JOHN W. MARTIN, *et al.*,                )<br>        Plaintiffs,                                   )<br>                                                            )<br>vs.                                                     )<br>                                                            )<br>CITY OF BIRMINGHAM, ALABAMA, *et al.*,  )<br>        Defendants.                               ) | Civil Action No. CV-74-S-17-S |

# ORDER

This case is before the court on Jefferson County's motion for an order to allow the County to make certain hiring decisions.[1] On December 12, 2012, at the conclusion of the bench trial in this case, the court issued an oral directive that the County refrain from making any hiring or promotion decisions until the court could enter an interim order dictating a formal process for making those decisions.[2] No such interim order has yet been entered.

The County now seeks the court's permission to make a limited number of hires because it has "experienced emergency circumstances which necessitate the replacement and hiring of personnel in order for the County to function effectively

---

[1] Doc. no. 1769.

[2] *See* Trial Transcript, Vol. 9 (12-12-12), at 89-90.

and in accordance with various mandates relative to medical staff in its newly established outpatient care facility."[3] The court entered an order on January 25, 2013, requiring plaintiffs to respond to the motion by February 8, 2013.[4] The United States filed a response to the motion on January 28, 2013, stating that it does not object to the County's proposal to make new hires.[5] As of this date, no other party has filed a response to the County's motion. However, according to a series of electronic mail communications attached to the County's motion, the Martin-Bryan parties also do not object to the County's proposal.[6]

Due to the County's exigent need to make the hires discussed in the motion, and upon further review of the electronic mail communications attached to the motion, the court concludes that there is no need to wait for more formal responses from plaintiffs before ruling on the County's motion. Accordingly, the order entered on January 25, 2013, requiring plaintiffs to respond to the County's motion by February 8, 2013, is RESCINDED.

Upon consideration of the County's proposal and the plaintiffs' agreement with it, the court concludes that the proposal should be approved, and the County should

---

[3] Doc. no. 1769, at 2.

[4] *See* text order entered on January 25, 2013.

[5] Doc. no. 1770.

[6] *See* doc. no. 1769, Exhibit 1, at ECF page 4 (January 22, 2013 electronic mail communication from Rachel Fritzler).

be permitted to make the hires discussed in its motion.  Accordingly, it is ORDERED that the County's motion is GRANTED.  The County is permitted to make *only* the following hiring decisions:

1. The County may hire for the position of Clinical Nurse Practitioner by random draw from the Personnel Board register.

2. The County may hire for the position of Principal Buyer from the Personnel Board layoff list.

3. The County may hire for the position of Chief Deputy Coroner once a register is developed by the Jefferson County Personnel Board, provided that the selection method is agreed upon by the parties and the Special Master.

4. The County may hire for the positions of Chief Court Clerk and Principal Court Clerk from the list of eligibles, once such a list is created by the Jefferson County Personnel Board, provided that the selection method is agreed upon by the parties and the Special Master.

Finally, it is ORDERED that the parties must file a joint report, on or before February 1, 2013, on the status of their efforts to draft an interim plan for hiring and promotional decisions.

DONE this 28th day of January, 2013.

  /s/ Lynwood Smith
United States District Judge