IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. CV-75-S-666-S |
| | * | |
| JEFFERSON COUNTY, ALABAMA, et al., | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| JOHN W. MARTIN, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO. CV-74-S-17-S |
| | * | |
| CITY OF BIRMINGHAM, ALABAMA, et al., | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| ENSLEY BRANCH OF THE N.A.A.C.P., et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO. CV-74-S-12-S |
| | * | |
| GEORGE SEIBELS, et al., | * | |
| | * | |
| Defendants. | * | |

1

## DEFENDANT'S MOTION FOR PARTIAL RELIEF FROM ORDER

Comes now the Defendant Jefferson County in the above styled cause and avers the following:

On August 28, 2012, due to financial constraints, the Jefferson County Commission voted to cease inpatient care at Cooper Green Mercy Hospital. The Hospital ceased to operate as an inpatient care facility effective December 31, 2012.  Effective January 1, 2013, Cooper Green began operating as an outpatient clinic and urgent care facility.  This process included the relinquishment of certain licenses and certificates, the acquisition of different certificates and licenses, along with a reduction and reorganization in staff.  As a result of this reorganization and restructuring, the County has encountered numerous and consistent challenges relative to the staffing requirements needed to adequately care for its patients as well as comport with various legal requirements of the Alabama Board of Medical Examiners, Alabama Board of Nursing, Alabama State Board of Pharmacy, College of American Pathologists, Clinical Laboratory Improvement Amendments, the Joint Commission, the Board of Respiratory Care, American College of Radiology, American Physical Therapy Association, Academy of Surgical Physician Assistants, and other various medical regulating agencies and

authorities. As the County makes this transition, it finds itself confronted on a daily basis with staffing challenges which have a direct impact on the healthcare of its patients, many of whom suffer from very life threatening and chronic diseases. These very fluid challenges which face the County often require immediate attention and resolution to avoid placing patients in jeopardy. Although the parties in this case have collaborated on a proposed interim order to govern the hiring practices of the County pending this Court's final order, the County would submit that the time constraints within that proposed order, if applicable to the Cooper Green urgent care facility and clinics could in many cases be detrimental to the lives and welfare of the patients which the facility serves. At the time that the Jefferson County Commission voted to close inpatient care at Cooper Green Mercy Hospital in August, 2012, it was never contemplated that there would be a mandated hiring freeze with regard to Cooper Green.

Further, many of the problems that have arisen relative to staffing of the facility were not contemplated or foreseen by the County when this decision was made. The compilation of these unforeseen staffing issues and the restriction placed on hiring of staff have placed an extraordinary burden upon the County to effectively and safely operate its urgent care and outpatient

clinics.

It is our understanding that the parties have never taken a position as to whether Cooper Green Mercy Hospital was covered by the Jefferson County Consent Decree. Neither the Hospital nor any of the jobs at issue at the previous hospital or new outpatient facility and urgent care clinic are included in paragraphs 7 and 8 or Appendices A and B of the Decree. Although the Defendant Jefferson County has managed to avert many of the potential staffing debacles which could have potentially placed patients' care at issue, the County makes this request in order to prevent situations wherein a delay in hiring as set out in the proposed interim order could negatively impact the healthcare of its patients.

WHEREFORE, PREMISES CONSIDERED, Defendant Jefferson County would ask this Honorable Court to exclude the Cooper Green clinic and urgent care facility from the hiring restrictions mandated by the Court by oral directive on December 12, 2012, as well as any other restrictions imposed by the Court's interim order.

/s/ T. A. Lawson, II
Bar Number: ASB-3840-L72T
Assistant County Attorney
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama  35203
Phone:  (205) 325-5688
Fax:  (205) 325-5840
Email:  lawsont@jccal.org

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

Respectfully submitted,

/s/ T. A. Lawson, II
Assistant County Attorney