IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CASE NO. CV-75-S-666-S |
| | * |
| JEFFERSON COUNTY, ALABAMA, et al., | * |
| | * |
| | * |
| Defendants. | * |

| | |
|---|---|
| JOHN W. MARTIN, et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * CASE NO. CV-74-S-17-S |
| | * |
| CITY OF BIRMINGHAM, ALABAMA, et al., | * |
| | * |
| | * |
| Defendants. | * |

ENSLEY BRANCH OF THE
N.A.A.C.P., et al.,

    Plaintiffs, v. GEORGE

SEIBELS, et al.,          CASE NO. CV-74-S-12-S

    Defendants.

1

## **MOTION FOR RECONSIDERATION**

Comes now the Defendant Jefferson County ("Jefferson County" or "Defendant") in the above styled cause and moves this Honorable Court to reconsider its Order dated February 19, 2013 [Doc. 1785] and either (1) enter an amended Temporary Order [previously entered as Doc. 1780] allowing for stopgap, emergency hires per the Personnel Board Rules; or (2) appoint a Special Master to handle Cooper Green emergency staffing issues during this interim period.  As grounds for said motion, the Defendant would aver the following:

On or about February 13, 2013, Defendant filed a motion with the Court for partial relief from the Court's temporary order relative to the Cooper Green Clinic. Plaintiffs in this case, the Martin Bryant parties, filed with the Court an opposition to Defendant's motion which inferred that Defendant was disingenuous when the parties' proposed temporary order was submitted to the Court.  The proposed temporary order, Doc. 1780, listed anticipated hires by Jefferson County within the next six months. In Plaintiffs' response, they suggested that Defendant revise its list of anticipated hires over the next six months. The Court entered its order on February 19, 2013 (Doc. 1785), denying the Defendant's motion and

2

ordered that the Defendant supplement the list of jobs to be covered by the Court's temporary order by March 1st.

The County submits that this is impossible because situations, such as the Licensed Professional Counselor issue that arose late last week detailed in the County's Motion of February 19, 2013 (Doc. 1786), are situations that **cannot be anticipated**, otherwise they would be included in the temporary order.  In compiling its list of anticipated hires, Jefferson County made diligent efforts to meet with department heads and ascertain the hiring needs of Jefferson County as a whole for the next six months.  At the time that the temporary order was agreed upon by the parties, Jefferson County had no intention or desire to stifle the progress of said order as it related to all of the departments throughout Jefferson County.

As the Court is aware, however, the County in one instance had to file a request for temporary relief as it related to certain anticipated hires for the County which needed to be filed expeditiously in order for the County to adequately function.  [Doc. 1769].  This request included the position of Clinical Nurse Practitioner for Cooper Green.

The County now finds itself in a position of renegotiating multiple contracts for physician services for Cooper Green.  These contracts with

Jefferson PC basically included all of the physician services that were provided to Cooper Green Mercy Hospital. During the course of negotiations and renegotiations with physicians, the County has also discovered that some crucial positions such as Clinical Nurse Practitioners and Licensed Professional Counselors were being provided by the PC. The County realized that some of these positions that the PC had been providing to Cooper Green were in fact positions that are classifications in the merit system. As these problems have arisen, the County through its County Manager has sought to resolve them as expeditiously as possible, as well as act in accordance with the Enabling Act, the Orders of this Court freezing hiring, and the rules and regulations governing proper patient care. The County Manager has found himself on many occasions faced with (1) unexpected and newly discovered deficiencies in the staffing needs of the Clinic; (2) the need to adequately and appropriately fill deficient staffing; and (3) trying to develop a method to accomplish filling these emergency vacancies in accordance with the Court's Order.

    Defendant would submit that fulfilling the Court's Order to supplement its anticipated hire list as it relates to Cooper Green emergency hires places Defendant in virtually **a no-win position**. The problems that the County

4

sought to address when filing its motion to relieve Cooper Green from the Interim Order was to allow it to act in unanticipated and emergency circumstances relative to hiring. At the time that Defendant agreed with the terms of the Temporary Order, it had no idea of the issue it would be faced with relative to a Licensed Professional Counselor. The County cannot identify at this time with specificity any additional anticipated hires with the Clinic that were not included in the proposed Interim Order. However, Defendant <u>can</u> foresee emergency situations that could arise which are the results of unanticipated vacancies that could leave the Clinic and its patients vulnerable if required to seek the parties' blessings and the Court's permission absent some alternative which reduces the amount of time needed to fill such a position.

In the event the Court will reconsider its Order, the County suggests two alternatives:

(1) In the event of emergency situations, there is a mechanism in place established by the Personnel Board to remedy these situations under Rule 11.3, Emergency Appointments. There is currently no such mechanism that is outlined in the Court's Interim Order for anticipated hires. (It would not be appropriate for such a mechanism to be in the Court's

Order dealing with anticipated hires because in these situations these are in fact **unanticipated** and **emergency** hires.)

In light of the aforementioned circumstances, Defendant would request that this Honorable Court, wherein emergency situations can be articulated, allow the Defendant to proceed in accordance with Rule 11.3, with the additional requirement that the Defendant give notice to the Court, the Special Master and all parties. Since these would be emergency appointments as opposed to temporary ones, Defendant would propose that once the appointment has been made, that the process for making a permanent selection into the classification be handled in the same manner as other positions that are listed on the Court's Temporary Order (namely in paragraphs 9 and 10). A list of eligibles would be developed by the Board, such list of eligibles would be submitted to the parties, and the parties would then agree upon a method of selecting a candidate to hold the position permanently; or

(2)     The Court could appoint a Special Master for the limited purpose of assisting with Cooper Green hiring issues during this interim period. Until a formal Order is entered by the Court, the Special Master could be given the authority to approve or disapprove unanticipated,

emergency hiring decisions for positions at Cooper Green that were not included in Appendix A to the Temporary Order.

WHEREFORE, Premises Considered, the County respectfully requests that this Court reconsider its Order dated February 19, 2013 [Doc. 1785] and allow it to either fill unanticipated positions for Cooper Green on an emergency basis under existing Personnel Board Rule 11.3 or appoint a Special Master with the authority to approve or disapprove emergency hiring decisions for Cooper Green.

Respectfully submitted,

/s/ T. A. Lawson, II
Bar Number: ASB-3840-L72T
Assistant County Attorney 280
Jefferson County Courthouse 716
Richard Arrington Jr. Blvd. North
Birmingham, Alabama   35203 Phone: (205) 325-5688 Fax:   (205) 325-5840 Email:   lawsont@jccal.org

## CERTIFICATE OF SERVICE

    I hereby certify that on February 21, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                                  /s/ T. A. Lawson, II
                                                  Assistant County Attorney