# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. CV-75-S-666-S |
| | * | |
| JEFFERSON COUNTY, ALABAMA, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| JOHN W. MARTIN, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO. CV-74-S-17-S |
| | * | |
| CITY OF BIRMINGHAM, ALABAMA, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| ENSLEY BRANCH OF THE | * | |
| N.A.A.C.P., et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO. CV-74-S-12-S |
| | * | |
| GEORGE SEIBELS, et al., | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT'S REPLY TO MARTIN BRYANT PARTIES'
OPPOSITION TO DEFENDANT'S
<u>MOTION FOR EMERGENCY APPOINTMENT</u>**

Comes now the Defendant Jefferson County in the above styled cause and in response to the Martin Bryant Parties' opposition to the Defendant's motion [Doc. 1786] avers the following:

Defendant Jefferson County responded via email to all parties and the Special Master regarding specific inquiries about Katie Vines' services to Jefferson County as a Licensed Professional Counselor and indicated that Cooper Green Mercy Hospital had never employed a Licensed Professional Counselor through the merit system.  In attempting to address all of the parties' questions, the Defendant assumed that the parties understood that if in fact it had never employed a Licensed Professional Counselor in the merit system there was **no way** Jefferson County could have laid off or placed any employee in that classification on either administrative leave without pay status or initiated any reduction in force of such a classification.

In addition to providing responses to requested emails, the County attempted in good faith to initiate a conference call with the parties to discuss this matter and address any concerns.  Contrary to the Martin-Bryant Parties' assertions, the County offered to set up a call less than one business day later

(President's Day), but counsel for the Martin-Bryant Parties never responded to this or subsequent offers for a call.   Further, Theodore A. Lawson, II, counsel for Jefferson County, offered to speak with the parties individually and provided his personal cell phone number to accomplish this in hopes of clearing up any questions that needed to be addressed.  The Martin-Bryant Parties declined the offer.  In fact, rather than accept Mr. Lawson's offer, Plaintiffs resorted to filing their inflammatory response in hopes of misleading this Court.  The United States on the other hand has consented to the County's request for emergency relief.

In the County's negotiations with a physician to provide psychiatric services, the County presumed that the care of its patients could be dealt with without the need for a Licensed Professional Counselor.  It was during those negotiations that the County first became aware of the need to engage the services of a Licensed Professional Counselor.

The assertions made by the Martin Bryant Parties relative to cronyism as it relates to this appointment are not germane to the County's request to make this immediate appointment in accordance with Personnel Board rules.  The doctor with whom the County is negotiating (female as opposed to the assumption made by the Martin Bryant Parties in their filing) requested the

services of a Licensed Professional Counselor, not specifically Vines.  The County chose to temporarily ask for the appointment of Vines because of her familiarity with the patients and the fact that she meets the qualifications and could start immediately to alleviate the ongoing lack of mental health services at Cooper Green.

The actual listing by the Personnel Board is titled Clinical Counselor, Grade 22 (job description attached hereto as Exhibit A).  The professional title by which these persons are licensed is Licensed Professional Counselor (see Exhibit B).   There has been a job analysis and there are minimum qualifications.  Such information could have been provided to Plaintiffs had they accepted the County's invitation to discuss this matter in more detail.

There is only one person working in this classification within the merit system, and he works at the Jefferson County Jail.  The County confirmed that the Board is already working towards list development.  In the event that the Personnel Board is unable to provide a list of eligibles within the 30 day time period allotted by the Personnel Board rules, the Defendant would then seek further relief in accordance with the Personnel Board rules.

The Martin Bryant Parties' assertion that its motion for partial relief as it relates to Cooper Green Mercy  Hospital was in any way an attempt to

circumvent the rules and regulations of the Personnel Board is, at best, disingenuous.  Nowhere in the Defendant's motion is there any request to be relieved of its obligations under the merit system.  To the contrary, the Defendant's request was designed to, when necessary, allow it to operate within the confines of the merit system only.

The Martin Bryant Parties' characterization of a 40 year violation is similarly inaccurate and a deliberate attempt to prejudice this Court against the County in this post-trial setting.  The County has not employed a Licensed Professional Counselor at Cooper Green Mercy Hospital prior to Ms. Vines. Previously there were persons employed as Professional Independent Practitioners that assisted with psychiatric care.  These are not merit system classified positions and they performed these services under contract.  The very fact that - upon the Defendant's discovery of any potential merit system violation (if one indeed exists) - that it seeks to remedy its previous course of conduct is more indicative that something is right in Denmark as opposed to something being rotten in Denmark.

WHEREFORE, PREMISES CONSIDERED, Defendant would again ask that this Honorable Court grant its motion to appoint a Licensed Professional Counselor in accordance with Personnel Board Rules.

/s/ T. A. Lawson, II
Bar Number: ASB-3840-L72T
Assistant County Attorney
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama  35203
Phone:  (205) 325-5688
Fax:  (205) 325-5840
Email:  lawsont@jccal.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

Respectfully submitted,


/s/ T. A. Lawson, II
Assistant County Attorney