# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. CV-75-S-666-S** |
| | ) | |
| **JEFFERSON COUNTY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| **JOHN W. MARTIN,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No. CV-74-S-17-S** |
| | ) | |
| **CITY OF BIRMINGHAM,** | ) | |
| **ALABAMA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| **ENSLEY BRANCH OF THE** | ) | |
| **N.A.A.C.P., et al.,** | ) | **Civil Action No. CV-74-S-12-S** |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | |
| **GEORGE SEIBELS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT MOTION FOR PROTECTIVE ORDER
## AS TO DEPOSITION OF JEFF SEWELL

COME NOW plaintiffs, the Martin-Bryant Parties and the United States of America ("United States"), and defendant Jefferson County, Alabama ("Alabama") (each a "Party" and collectively "the Parties"), and jointly move the Court for an expedited Protective Order as to the deposition of Jeff Sewell that is currently noticed to occur on July 30, 2013. A proposed Protective Order is attached hereto as Exhibit A. As grounds for this motion, the Parties state as follows:

## BACKGROUND

1.     Jeff Sewell is the former in-house County Attorney. It was announced on April 12, 2013, that Mr. Sewell was involuntarily retiring from the County, which became effective on April 25, 2013.

2.     The Martin-Bryant Parties, on April 26, 2013, noticed the deposition of Mr. Sewell pursuant to a subpoena. Mr. Sewell's deposition is scheduled to take place on July 30, 2013.

3.     Because the County is concerned that Mr. Sewell may divulge confidential information during the course of his deposition, the County requests, and the Martin/Bryant parties and United States do not oppose, that the Court enter a Protective Order substantially in the form attached hereto.


*[Remainder of page intentionally left blank]*

Respectfully submitted,

/s/ Jay D. Adelstein
Jay D. Adelstein
Joseph J. Sperber, IV
UNITED STATES DEPARTMENT OF
JUSTICE
Employment Litigation Section – Civil
Rights Division
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 514-3749
*Attorneys for the United States
Department of Justice*

/s/ Rowan D. Wilson
Rowan D. Wilson
Thomas G. Rafferty
Rachel M. Fritzler
Lauren M. Rosenberg
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
*Attorneys for Plaintiffs John W.
Martin, et al. and Intervenors
Gwendolyn Bryant, et al.*

/s/ David M. Smith
David M. Smith
Edward A. "Ted" Hosp
Janell M. Ahnert
Thomas J. Butler
James L. ("Jay") Mitchell
Grace R. Murphy
Stephanie H. Mays
MAYNARD, COOPER AND GALE,
P.C.
1901 6th Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203

/s/ Theodore A. Lawson, II
Theodore A. Lawson, II
Jefferson County Attorney's Office
280 Jefferson County Courthouse
716 Richard Arrington, Jr. Blvd. N.
Birmingham, AL 35203
*Attorneys for Defendant Jefferson
County*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this the 26th day of July, 2013, I have filed through the Court's CM-ECF system a copy of the foregoing pleading which should send an e-filing notice to Counsel for all of the parties in this matter.

 /s/ Grace R. Murphy                                     
OF COUNSEL

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. CV-75-S-666-S** |
| | ) | |
| **JEFFERSON COUNTY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| **JOHN W. MARTIN,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No. CV-74-S-17-S** |
| | ) | |
| **CITY OF BIRMINGHAM, ALABAMA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| **ENSLEY BRANCH OF THE N.A.A.C.P., et al.,** | ) | **Civil Action No. CV-74-S-12-S** |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | |
| **GEORGE SEIBELS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROTECTIVE ORDER AS TO DEPOSITION OF JEFF SEWELL

This Protective Order shall apply to the deposition of Jeff Sewell in the above-captioned case that is noticed to occur on July 30, 2013, and from day to day thereafter.

1.      This Protective Order shall apply to the Parties, the Parties' counsel, the witness (Mr. Sewell), the witness' counsel, and any other lawful attendee in the deposition of Mr. Sewell;

2.      Because Mr. Sewell may, at his deposition, provide answers that contain sensitive, nonpublic information belonging to the County, (i) the transcript of the deposition of Mr. Sewell, the contents of said transcript, and the substance of any nonpublic exhibits to Mr. Sewell's deposition shall, from the outset of the deposition, (a) be deemed confidential, (b) not be publicly disclosed, and (c) not be filed with the Court, attached to filings with the Court, or referenced in filings with the Court, except under seal as may be authorized by the Court in accordance with the procedures and protocols of the United States District Court for the Northern District of Alabama; and (ii) the only persons who shall be allowed to participate in the Sewell deposition are the witness (Mr. Sewell), his counsel, designated party representatives, counsel for the Parties, the court reporter, and the Court;

3.      Within ten (10) business days after receipt by the County's counsel of the transcript of the Sewell deposition, the County may designate portions of said transcript and/or exhibits as confidential by giving written notice of such

designations to counsel for the Martin-Bryant Parties and the United States. In the event that such designations are made, such designated portions and/or exhibits and their contents, and the substance of the testimony and information reflected in such contents and/or exhibits, shall (i) remain confidential, (ii) not be publicly disclosed, and (iii) not be filed with the Court, attached to filings with the Court, or referenced in filings with the Court, except under seal as may be authorized by the Court in accordance with the procedures and protocols of the United States District Court for the Northern District of Alabama. Any portions of the transcript or exhibits not so designated within the ten (10) business day period shall be deemed non-confidential, and may be freely used or disclosed without any restriction.

4. The Martin-Bryant Parties or the United States may challenge such designations by giving written notice to counsel for the County. If the Parties are unable to reach a resolution, any Party may file a motion to eliminate, modify or affirm any designation of confidentiality, and until such time as the Court may rule, the designated portions of the deposition transcript and/or exhibits, the contents of such designated portions and/or exhibits, and the substance of Mr. Sewell's testimony and information reflected in the designated portions and/or exhibits, shall (i) remain confidential; (ii) not be publicly disclosed; and (iii) not be filed with the Court, attached to filings with the Court, or referenced in filings with the Court, except under seal as may be authorized by the Court in accordance with

the procedures and protocols of the United States District Court for the Northern District of Alabama. The County shall bear the burden of establishing that the portions of the Sewell deposition and/or the exhibits to said deposition that the County has designated as confidential are entitled to such protection under the law;

5.     All actions taken and understandings among the Parties regarding confidential documents produced or testimony taken during this litigation that took place or were in place prior to the date of this Protective Order, including documents produced and testimony taken or submitted in adherence to the March 6, 1991 Protective Order, remain in place; and

6.     All obligations and duties arising under this Protective Order shall survive the termination of this action.

DONE this _____ day of July, 2013.


_____
United States District Judge