FILED
2013 Jul-29 PM 12:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>  )<br>  **Plaintiff,**  )<br>v.  )<br>  )<br>**JEFFERSON COUNTY,** *et al.*,  )<br>  )<br>  **Defendants.**  )<br>_____  )<br>  )<br>**JOHN W. MARTIN,** *et al.*,  )<br>  )<br>  **Plaintiffs,**  )<br>v.  )<br>  )<br>**CITY OF BIRMINGHAM,**  )<br>**ALABAMA,** *et al.*,  )<br>  )<br>  **Defendants.**  )<br>_____ | **Civil Action No. CV-75-S-666-S**<br><br><br><br><br><br><br><br><br>**Civil Action No. CV-74-S-17-S** |

## **PROTECTIVE ORDER AS TO DEPOSITION OF JEFF SEWELL**

This Protective Order shall apply to the deposition of Jeff Sewell in the above-captioned case that is noticed to occur on July 30, 2013, and from day to day thereafter.

1.  This Protective Order shall apply to the Parties, the Parties' counsel, the witness (Mr. Sewell), the witness' counsel, and any other lawful attendee in the deposition of Mr. Sewell;

2. Because Mr. Sewell may, at his deposition, provide answers that contain sensitive, nonpublic information belonging to the County, (i) the transcript of the deposition of Mr. Sewell, the contents of said transcript, and the substance of any nonpublic exhibits to Mr. Sewell's deposition shall, from the outset of the deposition, (a) be deemed confidential, (b) not be publicly disclosed, and (c) not be filed with the Court, attached to filings with the Court, or referenced in filings with the Court, except under seal as may be authorized by the Court in accordance with the procedures and protocols of the United States District Court for the Northern District of Alabama; and (ii) the only persons who shall be allowed to participate in the Sewell deposition are the witness (Mr. Sewell), his counsel, designated party representatives, counsel for the Parties, the court reporter, and the Court;

3. Within ten (10) business days after receipt by the County's counsel of the transcript of the Sewell deposition, the County may designate portions of said transcript and/or exhibits as confidential by giving written notice of such designations to counsel for the Martin-Bryant Parties and the United States. In the event that such designations are made, such designated portions and/or exhibits and their contents, and the substance of the testimony and information reflected in such contents and/or exhibits, shall (i) remain confidential, (ii) not be publicly disclosed, and (iii) not be filed with the Court, attached to filings with the Court, or referenced in filings with the Court, except under seal as may be authorized by the

Court in accordance with the procedures and protocols of the United States District Court for the Northern District of Alabama. Any portions of the transcript or exhibits not so designated within the ten (10) business day period shall be deemed non-confidential, and may be freely used or disclosed without any restriction.

4. The Martin-Bryant Parties or the United States may challenge such designations by giving written notice to counsel for the County. If the Parties are unable to reach a resolution, any Party may file a motion to eliminate, modify or affirm any designation of confidentiality, and until such time as the Court may rule, the designated portions of the deposition transcript and/or exhibits, the contents of such designated portions and/or exhibits, and the substance of Mr. Sewell's testimony and information reflected in the designated portions and/or exhibits, shall (i) remain confidential; (ii) not be publicly disclosed; and (iii) not be filed with the Court, attached to filings with the Court, or referenced in filings with the Court, except under seal as may be authorized by the Court in accordance with the procedures and protocols of the United States District Court for the Northern District of Alabama. The County shall bear the burden of establishing that the portions of the Sewell deposition and/or the exhibits to said deposition that the County has designated as confidential are entitled to such protection under the law;

5. All actions taken and understandings among the Parties regarding confidential documents produced or testimony taken during this litigation that took

place or were in place prior to the date of this Protective Order, including documents produced and testimony taken or submitted in adherence to the March 6, 1991 Protective Order, remain in place; and

6. All obligations and duties arising under this Protective Order shall survive the termination of this action.

DONE this 29th day of July, 2013.

_____
United States District Judge