FILED
2013 Sep-20 PM 04:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# C. Michael Quinn

# I. BIOGRAPHICAL INFORMATION

1. BACKGROUND INFORMATION

 A. Full Name:
   Charles Michael Quinn

 B. Address:
   2501 Aspen Cove Drive
   Vestavia Hills, AL 35243

   Office address:
   Wiggins, Childs, Quinn & Pantazis, LLC
   301 19th Street North, Birmingham, Al 35203

 C. Date and place of Birth:
   March 17, 1950
   Montgomery, AL

 D. Martial Status:
   Ginger Smith Quinn
   August 31, 1974

 E. Education:
   University of Alabama (B.S., 1972);
   Cumberland School of Law Samford, University (J.D., 1975)

 F. Employment Records:
   1975 -1980
   C. Michael Quinn,
   Attorney at Law
   Florentine Bldg.
   Birmingham, Al. 35203

   1980 - 1982
   Bryan, Wiggins, Quinn & Appell
   Attorneys at Law
   Florentine Bldg., Birmingham, Al. 35203

   1982 - 1985
   Wiggins & Quinn
   Attorneys at Law
   Brown Marx Bldg., Birmingham, Al. 35203
   1985 - 2005
   Gordon, Silberman, Wiggins, & Childs, PC

       1400 SouthTrust Tower, Birmingham, AL 35203

       2005 - Present
       Wiggins, Childs, Quinn & Pantazis, LLC
       301 19th Street North, Birmingham, AL 35203

G.    Military Service:
      None

H.    Honors and Awards:
      Named to List of the Best Lawyers in America in Employment Law by WoodWard-White Publication, Best Lawyers of America, since 1995.

      Elected as a Fellow to The College of Labor and Employment Lawyers, Washington, D.C. in 2003.

      Ranked No. 1 Plaintiff's Lawyer in Labor and Employment Law for the State of Alabama for 2003-2004 by Chambers and Partners, Chambers USA, America's Leading Business Lawyers.

      Named Super Lawyer, by Super Lawyers, Top 50 in State of Alabama for 2008.

      Named Best Lawyer in Birmingham, Labor and Employment Law; by Birmingham Magazine, 2006-2008.

      Appointed mediator by Federal District Court for the Northern District Court of Alabama when mediation was first established by the Federal Court System.

I.    Bar Associations:
      Birmingham Bar Association (Member, Grievance Committee, Chair, Alternative Dispute Resolution Committee)

      American Bar Association (Section of Labor and Employment Law; appointed to serve on Employee Rights & Responsibilities Committee, EEOC Committee)

      Alabama State Bar (Member, Labor Law Section).

J.    Other Memberships:
      Vestavia Hills United Methodist Church
      Over the Mountain Democrats
      Democratic National Committee
      National Democratic Party

        AAA
        College of Labor and Employment Lawyer
        Alabama Association of Arbitrators and Mediators

K.    Disciplinary Record:
      None

L.    Court Sanction:
      None

M.    Allegations of Misconduct:
      None  (Have had two malpractice cases filed against me in my career but were for negligence.  One dealt with representation of a couple regarding a property dispute that I refused to take and was dismissed.  The other was a worker's compensation client who claimed I failed to file a third party law suit and was settled for nominal damages.  Both were very early in my career while in general practice.  I cannot remember the names of the clients or the cases)

N.    Other Allegations:
      None

O.    Health:
      Good.  High Blood Pressure and Glaucoma both controlled by medication.  Last physical examination, January, 2008.

2. COURT ADMISSION:
1975 - Alabama State and Appellate Courts, U.S. District Court, Northern  Middle and Southern Districts of Alabama., U.S. Court of Appeals, 5th and 11th Circuits, The Supreme Court of Alabama.

2006 - U. S. Supreme Court

2008 - U.S. District Court, Northern District of Florida

3. PUBLISHED WRITINGS:
Co-Author and Faculty member: "Wrongful Discharge Under Alabama Law," The Cambridge Institute, 1988.

Lecturer and Author: "Jury Trials in Title VII Cases", and "Damages under the Civil Rights Act of 1991", SMU Law School CLE Labor Law Section.

Lecturer and Author" "Jury Trials under the Civil Rights Act of 1991, "Damages under the Civil Rights Act of 1991", "How to Avoid Summary Judgment" Alabama Bar Institute for Continuing Education, 1993, 1995, 1998.

4. **LEGAL CAREER:**
   A. No clerking experience

   B. No time practicing completely alone.

   C. 1975 -1980
      C. Michael Quinn,
      Attorney at Law
      Florentine Bldg.
      Birmingham, Al. 35203

      1980 - 1982
      Bryan, Wiggins, Quinn & Appell
      Attorneys at Law
      Florentine Bldg., Birmingham, Al. 35203

      1982 - 1985
      Wiggins & Quinn
      Attorneys at Law
      Brown Marx Bldg., Birmingham, Al. 35203

      1985 - 2005
      Gordon, Silberman, Wiggins, & Childs, PC
      1400 SouthTrust Tower, Birmingham, AL 35203

      2005 - Present
      Wiggins, Childs, Quinn & Pantazis, LLC
      301 19th Street North, Birmingham, AL 35203

   D. Extensive experience in state and federal court in both civil and criminal practice. Also extensive experience in federal appellate court. Limited experience in state equity court and state and federal administrative courts.

   E. 1975 - 1980 - General Practice in State and Federal Court. Practiced both civil and criminal law. Tried non-jury and jury trials in state and federal court. Cases included criminal defense misdemeanor and felony cases, civil cases, including personal injury, property disputes, and civil rights cases. Also handled worker's compensation and disability and divorces.
      1980 - 2009 - Almost exclusively civil rights and employment discrimination plaintiff's practice. Beginning approximately 1991 began mediation experience in employment cases. Handled some defense work in employment discrimination.

F. Typical clients are individuals who have had their civil rights violated or have been discriminated against by their employers. Early in career had criminal defense clients.

G. Appear regularly in court throughout career.

H. Appeared in state and federal court in both civil and criminal cases from 1975 - 1980 approximately fifty per cent for each. From 1980 to the present have appeared ninety five per cent in Federal court. This includes extensive appearances in all the District courts in Alabama. It also includes extensive appearances in the Appellate courts. Also appeared in Federal District Court in the states of Georgia, Mississippi, and Kansas. Appeared before the U.S. Supreme Court on one occasion but did not argue the case. The 5% in state court has been in personal injury and wrongful discharge cases.

I. From 1975 -1980 criminal cases comprised fifty per cent of cases handled and tried. After 1980 all cases have been civil cases.

J. Tried over 100 cases in state and federal court to verdict or judgment as either sole counsel or co-counsel. Argued between 20 and 30 cases before 11th Circuit Court of Appeals. Appeared as counsel once before U.S. Supreme Court (did not argue but was at counsel table)

K. Ninety per cent of the cases are jury trials, 10% are non-jury. The non-jury trials were early in my career before the Civil Rights Act of 1991 gave jury trial rights in Title VII litigation.

5. LITIGATION EXPERIENCE:

My thirty three year legal career has been remarkable because of my extensive trial experience since my first year in practice and my opportunity to participate in numerous significant cases. During those years I have tried over 100 cases to verdict and have argued between 20 and 30 cases before the 11th Circuit Court of Appeals. It would be impossible to name all the significant ones because they are so old. I have tried to remember some of the most significant ones that come to mind. However, some of the most significant cases cited for authority in employment discrimination law are cases that were tried by me and won on appeal with the help of my partner of all but one year of my 33 years, Robert L. Wiggins, Jr. We were and still remain a powerful team for establishing good law in the employment law field.

1. <u>Ledbetter v. Goodyear Tire & Rubber Co.</u>, N.D.Ala. CV-99-C-3137-J; 11th Cir. 03-15264-G6; Supreme Court No.-05-1074.
2004 - Jury Trial - U.S. District Court, Northern District, Hon U.W. Clemon
Co-counsel with Jon Goldfarb, 301 19th St. No, B'ham, Al., 314-0500; at trial level; co-counsel at appellate level.

Opposing counsel: Jay St. Clair, 420 20th St. No., Suite 2730, Bham, Al. 35203, 205-421-4777.

A sex discrimination in pay case brought against plaintiff's employer after she found out she was being paid less than all other supervisors. Significant case because of large jury verdict for plaintiff at district level which was reversed by appeals court and upheld by U.S. Supreme Court changing the existing law regarding statute of limitations for females discriminated against in pay. Highly significant because of extensive publicity which led to congressional hearings, legislation, and significant coverage by President-elect Obama on the campaign trail and at inauguration.

2. Morgan v. Family Dollar, 7:01-CV-0303-UWC; Nos. 07-12398 DD & 07-13061 - DD
2006 & 2007 - Jury Trials - U.S. District Court, Northern District, Hon. U.W. Clemon
Co-counsel with Robert L. Wiggins, Gregory O. Wiggins, Rocco Calamusa, Rusty Johnson
Opposing Counsel: Jay St. Clair, Jim May, Abdul Kallan; Bradley, Arant, Rose & White, 1819 5th Ave. No., Birmingham, Al. 35203, 205-521-8000.
Significant case because of representation of thousands of managers who worked 60-70 hours a week doing manual labor and not getting paid overtime. Case was tried twice before a verdict was obtained for plaintiffs. Verdict recently affirmed for $34 million. Set standard for trying collective cases under FLSA.

3. James v. City of Montgomery, CV-94-T-264-W
Approx. 1996 & 1998 - Jury Trials - U.S. District Court, Middle District, Hon. Myron Thompson
Lead Counsel with Rocco Calamusa as associate
Opposing Counsel: Bobby Black, 425 So. Perry St., Mong., Al. 36101, 334-834-7600
Significant case because one of two cases tried against City of Montgomery for race discrimination in the police department regarding assignments and promotions. Plaintiff obtained a verdict for the caps and received punitive damages against the city because the city did not properly plead a defense to the damages. Case was upheld on appeal.

4. Lindsay v. ACIPCO, 772 F.2d 799 (11th Cir.1985); 810 F.2d 1094 (11th.Cir.1987)
1984 - U.S. District Court, Northern District, Hon. U.W. Clemon
Lead Counsel
Opposing Counsel: Fred Ingram, 3100 Wachovia Tower, 205-458-5237
Significant because first jury trial under ADEA for this counsel. Verdict obtained but set aside at district court level. Verdict reinstated on appeal establishing several significant rulings regarding future employment law cases, including the use of direct evidence. Court denied request for liquidated damages and case appealed again with ruling that plaintiff had established liquidated damages by proof the defendant knew of the ADEA and violated it anyway.

5. <u>Norfleet v. Jim Walter Resources</u>, 7:92-CV-00646-SCP
U. S. District Court, Northern District, Hon. Sam Pointer.
Lead Counsel with Ann Wiggins and Greg Wiggins as associates
Opposing Counsel: Jim Alexander, 420 20th St. No., Suite 2730, Bham, Al. 35203, 205- 421-4777.
Significant because it was a race discrimination discharge case that was tried before an all white jury. In spite of that plaintiff obtained a substantial verdict. No appeal was taken and the verdict was paid. The plaintiff was supposedly fired for safety violations in the mine but plaintiff was able to show that the decision-maker was biased by prior racial comments made about the plaintiff. This evidence did not come forward until the second day of trial when a co-worker who had read about the proceedings in the paper called plaintiff's counsel to offer the testimony. The court correctly ruled the evidence was rebuttal and therefore was admissible. The case was not appealed.

6. <u>Patterson v. PRC Systems Services-TSD</u>; CV-92-N-0551-S
1993 - Jury Trial - U.S. District Court, Northern District, Hon. Edwin Nelson
Lead Counsel with Jon Goldfarb, associate.
Opposing Counsel - Lynne Stephens O'Neal, 600 N. 20th St. Ste. 400, B'ham, Al. 35203, 205-251-5900.
Case is significant because according to Judge Nelson it was the largest verdict in his courtroom to date that he allowed to stand on Motions for New Trial and JMOL. The verdict was over $500,000 before interest and fees. It was an ADEA discharge case. The case was affirmed on appeal without opinion.

7. <u>Ball v. City of Gadsden</u>, 4;91-CV-01277-UWC
1992 - Jury Trial - U.S. District Court, Northern District, Hon. U.W. Clemon
Lead Counsel with Sam Campisi, associate.
Opposing Counsel - Allen Schrieber, 301 19th St. No., Bham., Al. 35203, 205-871-5080
Case is significant because it was a First Amendment case brought against the city for replacing the Parks and Recreation Director for not supporting the incoming Mayor. A verdict was obtained and upheld on appeal.

8. <u>James v. City of Montgomery</u>, 2;96-CV-00802-MHT
1997 - Jury Trial - U.S. District Court, Middle District, Hon. Myron Thompson
Lead Counsel with Rocco Calamusa, associate
Opposing Counsel - Robert C. Black, P.O. Box 116, Montgomery, Al. , 334-834-7600.
Case is significant because it was the second case brought against the Police Department and Chief of Police involving the plaintiff, a black patrolman. After plaintiff was successful in his first case, the Chief retaliated against Mr. James. Again, plaintiff prevailed and no appeal was taken.

9. <u>Fredric Q. Kendrick v. Broadcast Media, LLC</u>, CV-02-W-1034-W
2005 - Jury Trial - U.S. District Court, Middle District, Mag. Judge Susan Walker

Lead Counsel with Josh Wilson, associate.
Opposing Counsel - Jay Lewis, P.O. Box 5059, Montgomery, Al. 36103, 334-269-5930.
Case is significant because it was a race-retaliation discharge case that was tried before an all white jury. The plaintiff was a salesman for a television station, was the only black salesman and he was refused significant accounts. When he complained about the treatment he was discharged. The plaintiff was successful and the case was upheld on appeal.

10. Kaiser v. Union Carbide, CV-96-856
2006 - Jury Trial - Circuit Court of Baldwin County, Alabama, Hon. Charles Partin
Co - Counsel with Floyd Enfinger, P.O. Box 400, Montrose, Al. 26559, 251-928-0344; Donald Bolton, P.O. Box 1965, Foley, Al. 26536, 251-943-3860; Charles Potts, One, St. Louis Centre, Mobile, Al. 36601, 251-432-1600.
Opposing Counsel: Allan Chason, P.O. Box 100, Bay Minette, Al. 35607, 251-937-2191; Stephen Raber, 725 12th St. N.W., Washington, D.C. 23005, 202-434-5000.
Case is significant because counsel stepped outside of employment law setting and assisted in the trial of a toxic tort case. Plaintiff was a farm owner in Bay Minette whose land was contaminated by Union Carbide. It involved complex trespass issues for the State of Alabama. The case was tried to an advisory jury and the plaintiff obtained a verdict. The verdict was not accepted by the Circuit Judge. The case is on appeal to the Supreme Court of Alabama.

6. LEGAL ACTIVITIES:
1. I have been a mediator since appointed by Hon. Edwin Nelson in the early 1990's. Judge Nelson called and asked if I would be one of the first mediators for the Northern District because of my experience in employment law and my fairness. I agreed to do so and have done it since that time. I have been involved in many more than ten very significant mediations that have been successful. The first that comes to mind is EEOC vs. PEMCO. This was a race harassment case brought by the EEOC and had been pending in Judge William Acker"s court for some time. He appointed me as the mediator. After three sessions and numerous telephone calls and conferences, the case was successfully mediated in 2007. Counsel for EEOC was Chuck Guerrier and counsel for the defendant was Jeffrey Lee.

2. As part of the settlement of the EEOC v. PEMCO case, training was to be conducted for all employees at the Birmingham plant. As part of the mediation and settlement, the parties selected me to do the training. I successfully trained well over 100 employees over a weeks period of time at each shift in discrimination law, with particular emphasis on harassment in the workplace.

3. Another important mediation was the case of Crutcher v. Chugach Management. This was another multiple plaintiff racial harassment case brought against a Huntsville landscaping firm. The case was successfully mediated after several sessions in person and by telephone. Plaintiff's attorney was John Saxon and

defendant's attorney was Britton Monroe.

4. The <u>Ledbetter v. Goodyear Tire & Rubber Company</u> case has led to significant legal activity outside the court room. As stated previously, there was a plaintiff's verdict at the lower court that was reversed at the appellate court and upheld after argument at the U.S. Supreme Court. The experience of going to the Supreme Court and sitting at counsel table even though I did not argue the case was significant. Just as significant is the contacts I have had with members of congress and the senate since the decision. I have been able to assist in legislation that has now passed the house and is on it's way to the senate restoring the law on pay for women who have been discriminated against. I have also given talks for the Practicing Law Institute and the Labor Law Section of the Alabama Bar on the case. Ms. Ledbetter spoke at the Democratic Convention, has been to Congress on numerous occasions, and will be with President Obama at the inauguration. This has probably been more significant because the case was lost more so than if it had been won.

5. I have been attending the Eleventh Circuit Judicial Conference for the last several years. I have only missed one since I started attending. The first was as the guest of Judge Edwin Nelson and was held in Jacksonville, Fla. The rest have been as a member of the Rules Committee for the Northern District. These conferences have given me the opportunity to meet the federal judges in this circuit and take part in very meaningful presentations as well as conversations. It has helped me understand the workings of the federal court system. At the last conference in Atlanta I was asked to serve as a facilitator for the state meeting to discuss topics ranging from electronic discovery to jury questionnaires. This experience has been very beneficial to my practice in the federal courts.

6. My involvement in committees for both the local bar and the federal court have been very significant for me. I have served on the grievance committee for the Birmingham Bar on two separate occasions. Each was for a two year term. In that capacity I came to understand the importance of being very thorough in the investigation of possible unethical activity and to be impartial and fair in the conclusions I reached in these matters. It is very easy to go with the majority in these matters, but I learned it is more important to stay open-minded and make the decision you know to be the best. My involvement in the Rules Committee for the Northern District allowed me to interact with judges and other members of the committee to review rules changes that would have a lasting effect on the court and the lawyers who appear before that court. It gave me the opportunity to represent lawyers who appear in court on a regular basis in deciding these rules changes.

7. One of the most significant cases of my career was one in which I never had to appear in court in order to get resolved. I was associated in the case of <u>Price v. Lockheed</u>, 4;04-CV-123LW in the U.S. District Court, Jackson, Mississippi by a Mississippi attorney who had filed the case in Jackson, Mississippi on a workplace violence and racial harassment theory. The event was a shooting at the Meridian

plant which left several people dead and wounded. The shooter had been threatening to kill black employees for several years and was a known racist. Management had not taken ample steps to stop the violence. The attorney had filed charges with the EEOC for racial harassment but had never handled a case of this magnitude. Lockheed put up a vigorous defense to the claims. Each of the plaintiffs who were still alive were deposed and many depositions were taken by the plaintiffs. After discovery the defendants filed a motion for summary judgment on all the racial harassment claims. Through help from my paralegal at the time and an associate, we were able to prepare a response to the summary judgment which led the defendants to reach a settlement of the case before the summary judgment was ruled upon by the court. The settlement is confidential but was one of the most significant of my career.

8. Another case that was filed on behalf of multiple plaintiffs but was mediated before trial was <u>Salter v. Shoe Show</u>, U.S. District Court, Southern Division, CVj-03-0863-WS-B. This was a sexual harassment case filed in the U.S. Southern District. It is significant because the EEOC was also involved in the case and were a party to the litigation. As such, the case could only be resolved with their involvement. The case involved extensive discovery by both sides. At the completion of discovery it was decided by all parties that mediation should be attempted. A significant part of the case was the mediation itself. Because it involved over 10 clients, each had to be at the mediation and each had to agree to the terms of the settlement. It was very significant that myself and my co-counsel, Sherrie McKenzie from Monroeville, Al. were able to get all of the plaintiffs to agree to the settlement of the case. Counsel for the defendant was David Middlebrooks and he worked very hard to get the case mediated. The amount is confidential.

9. <u>Tiwanda Richardson, et.al. v. COA, LLC., et.al.</u>, CV-04-636 in the U.S. District Court, Southern Division, was another significant case mediated prior to trial. This was another multiple plaintiff sexual harassment case that I was associated on with Sherrie McKenzie. Again, there were over 10 plaintiffs involved. After lengthy and sometimes contentious discovery, the defendants filed a lengthy summary judgment brief. It contained some novel issues on timeliness in sex harassment cases as well as other issues. The summary judgment response was very difficult because of the issues and the number of plaintiffs. Although the defendant wrote separate briefs on each plaintiff as well as a global brief on some issues, it was decided one brief should be filed with the court for all the plaintiffs rather than separate briefs. After filing the brief (it is attached) the defendant agreed to mediate the case using Magistrate William Cassady in the Southern District. The case was successfully mediated and a confidential settlement was reached. Again, all the plaintiffs had to be present at the mediation and each had to agree separately to the settlment.

10. Early in my career I was involved in several federal cases that were filed against cities and counties in Alabama concerning the living conditions in jails. Approximately 10 of these cases were filed throughout the state. I was responsible for the filing of these cases, the necessary discovery, and the ultimate settlement of all the

cases. With the help of experts who visited the jails with me, we were able to convince all of the defendants to enter into consent decrees that led to great improvements to their jails. All were done without litigation and in most instances the government and their lawyers agreed that conditions needed to be improved. This litigation was significant for the inmates and led to lasting relationships with many of the governmental officials in the state.

7. SIGNIFICANT LEGAL WRITINGS:
1. Co-Author and Faculty member: "Wrongful Discharge Under Alabama Law," The Cambridge Institute, 1988.

2. Lecturer and Author: "Jury Trials in Title VII Cases", SMU Law School CLE Labor Law Section. Marco Island Florida

3. Lecturer and Author: "Damages under the Civil Rights Act of 1991", SMU Law School CLE Labor Law Section. Palm Springs, California.

4. Lecturer and Author: Numerous seminars on jury trials in Title VII cases, damages in Title VII cases, and how to prepare a Title VII case for trial for the Alabama Bar Institute, Continuing Legal Education. (Articles available from ABI-CLE)

5. Lecturer and Author: " How to Survive Summary Judgment in a Title VII Case". Alabama Bar Institute, Continuing Legal Education.

6. Lecurer and Author: Numerous seminars for Cumberland School of Law, Continuing Legal Education in which papers had to be written and a speech given on jury trials in Title VII cases, Proving Damages in Title VII cases, and preparing cases for trial in Title VII cases. (Articles available at Cumberland School of Law)

7. Summary Judgment Brief in vs. Lockheed,

8. Summary Judgment Brief in Savage vs. Kerr-McGhee Chemical, LLC, U.S. District Court, Southern Division, Case No. CV-03-0608-CB-L. (Attached)

9. Summary Judgment Brief in Tiwanda Richardson, et. al. v. COS, LLC; et. al., U.S. District Court, Southern Division, Case No. CV-04-636 (Attached)

10. Summary Judgment Brief in O'Gwynn v. City of Foley, CV-00-02-73-CB-S. (Attached)

8. JUDICIAL OFFICE:
No judicial office held

9.  **PUBLIC OFFICE:**
    Served as Board Member for five years with the Vestavia Hills Park and Recreation Board, serving as Chair in last year. This was in the early 1990's.

10. **MANAGEMENT AND ADMINISTRATIVE EXPERIENCE:**
    Served on the Board of Managers for Gordon, Silberman, Wiggins & Childs, P.C. and Wiggins, Childs, Quinn & Pantazis, P.C. and LLC. I served in that capacity for almost 10 years. In that capacity I was responsible for making management and administrative decisions concerning the firm on a daily basis. The firm has had 15-17 shareholders and 15-20 associates during that time. The Board of Managers handles all management and administrative aspects of the firm.

11. **APPOINTMENT:**
    My name and qualifications should be submitted for nomination for several reasons. Since beginning my practice in the Federal Court, I have always had in the back of my mind the wish to become a Federal District Judge. When I was interviewing for a job after my first year in law school, I met with T. Worth Thagard, a Civil Appeals Judge in Alabama, who was also a distant relative. He told me I should consider being a judge at some point in my career because good judges are always needed. That has always stayed with me throughout my career.
    From the time I began appearing in federal court on a regular basis, I have prepared myself for one day maybe having this opportunity. I try to always be sure to know the case I am filing has merit before it is filed. I always handle myself in a civil manner during the discovery phase of my cases and never tried to intimidate or bully the other side. I make sure I am always throughly prepared for my cases and I try them to the best of my ability using the God given talent I have to see the issues involved in the case and to be able to present them in a way the jury will understand. I always try to be fair to the other side and let the facts of the case determine the outcome. I have won the majority of my cases, and have tried to always be humble in victory. When I lose a case I always congratulate the other side. I try not to take my case personally. Most importantly, I believe I have developed the reputation necessary to become a Federal District Judge. I believe all the judges I have been before find me to be intelligent, honest, hard working, talented in trial presentation, with knowledge of the applicable law and rules necessary to represent my client to the fullest.
    Because I think the most important role of a Federal Judge is to be able to handle and try all cases fairly and intelligently, I did all of these things not only because I wanted to be a lawyer with an outstanding reputation, but also because if the chance ever presented itself I would have the attributes necessary to be a good Federal Judge. That chance has now come to me. Earlier in my career I didn't think I was ready, and then the opportunity did not present itself until now. I have always been a strong believer in the ideals of the Democratic Party since my law school days and have tried to live by those ideals in both my life and my law practice. I believe my life and practice have been in service to others less fortunate than me. My clients have always been minorities or those whose civil rights have been violated or accused

of crimes for which they are entitled to be presumed innocent until proven guilty. I have always strived to make a difference in this world and this country. My legal career in employment and civil rights law has done that. Many of the cases handled by me are the cornerstones for the practice of employment discrimination today. I have had to go up against some of the brightest and best lawyers in the country in these cases and have been successful in the majority of them. I think my law practice in Federal Court has prepared me well for this position and I think this committee has a unique opportunity to select someone for nomination that is as qualified as anyone can be for the position.

12. My role model for a Federal District Judge is someone who has a vast amount of experience trying cases in the federal court system. The most important role of the district judge is to handle all of the different cases that come in front of him or her so that the right result is reached most if not all of the time. I know this is a difficult burden but I believe it is the role of the district judge. For that reason, first the judge must have the intelligence to grasp the legal issues of every case presented. This is done either because of his or her experience or the ability to study and find out. Second, the judge must set aside his personal thoughts about the case and handle it fairly and as the law requires. Third, the judge must be honest with all involved at each stage of the proceedings. Fourth, the judge must be patient and courteous with all involved. Fifth, the judge must have the proper demeanor so he or she has control of all situations at all times. He or she must have the ability to handle any situation that arises with a calm demeanor. Sixth, the judge must have compassion mixed with a sense of knowing that justice must be served. I will never forget the late Judge Sam Pointer, while inducting me and others into the federal court said that those who come before the federal bench will always get a fair chance but that they should know that they must always be prepared to face the consequences of their actions. It is a judges duty to do this. While doing it, the judge should harken back to the times when he or she was a lawyer in federal court and treat those lawyers the way he or she would have wanted to be treated.
In addition to having trial experience, the judge should also have the ability to write well reasoned opinions after deciding on an issue. This is especially important in summary judgment proceedings. The opinions written at the district court level must be able to withstand scrutiny at the appellate level. Often these opinions become precedent and so should be well written and easily understood. However, the ability to handle trials is in my opinion the most important attribute of a Federal Court Judge.

13. The characteristics and qualifications that distinguish me as a candidate are many. My vast experience in trying more cases than anyone I know in this and other districts gives me all of the attributes I stated as my role model for a federal district judge. My experience as a mediator from the time the District Court created a panel also distinguishes me as a candidate. I have developed a close relationship with all the judges presently presiding in the Northern District as well as the staff. The fact that I

have been a regular attendee at the 11th Circuit Judicial Conference and taken part in programs there gives me keen insight into the federal court system and those within it and has helped me develop relationships with many of the appellate judges. My demeanor which is the result of my honesty, patience, compassion for others, and sense of fairness distinguishes me as a candidate. The late Hon. Edwin Nelson once attested to my honesty telling one of my adversaries if Mike Quinn said the sun was going to rise in the West, I would go to the window the next morning and look. The adversary was Butch Powell, who is now deceased, and he had it printed so I would always know what the court thought of me. I have always cherished that comment and I truly believe that my honesty will be a big part of my legacy, if there is one. I have devoted my legal career fighting for minorities and those whose civil rights have been violated. I would bring that knowledge to the bench with me. Nearly a third of the cases handled in this Federal District involve employment discrimination, civil rights, or other employment related issues. I have a vast amount of experience in all these areas. My experience, though limited, in criminal work will prepare me, with the proper amount of study, for the criminal side of the job. My experience as a general practitioner also prepares me for the other civil issues that will come before me as a judge. And if it is something I am not familiar with, I will have the intellect to determine those issues.

Finally, and most importantly, I am at a stage in my career where I think this is the thing God wants me to do. It is time for me to serve my country as a federal district judge. I have been an excellent lawyer all these years and I would like to be as good a judge for just as many years. I know in my heart there is no one more qualified than myself for this job.

## II. FINANCIAL DATA AND CONFLICT OF INTEREST

14. **COURT JUDGMENTS:**
    None

15. **BANKRUPTCY:**
    None

16. **CONFLICT OF INTEREST:**
    As all my retirement is in a 401(k) in mutual funds there will be no conflict with any company that I may hold stock with. I have no financial interest in any company, nor have I represented a company long enough to create a conflict of interest with any of them.
    I will impose the standard two year recusal from any cases involving anyone either presently with my firm or those who were with my firm in the last five years.
    I will be due compensation for my interest in the building my firm is in, which is The Kress Building, LLC. I will invoke my right to sell my shares to the other shareholders at a fair market rate.
    I will also be due compensation in the form of bonuses for past work performed. Some of this compensation is presently owed and some will be owed at the end of

2009. I will not begin my two year recusal from cases involving my firm until all such payments have been made.

I will recuse myself from all cases in which I was counsel before my appointment to the bench. I know of no other cases that I will automatically have to recuse myself from but will be very mindful of the possibility of recusal for any matter that I may have an interest in as a result of my law practice.

17. I have played a role in the election of President - Elect Barack Obama by hosting two events at our firm and donating money to the campaign. As an early donator I am in constant contact with the Obama team by e-mail. I received an invitation to the Inauguration although not a ticket. Lilly Ledbetter, one of my clients was heavily involved in Obama's campaign including giving a speech at the convention, appearing at events, and will be riding on the Inauguration train and taking part in the ceremony.

I contributed money to the presidential election of President Clinton and the Democratic National Committee during his two terms as president. I did not serve on any committees.

18. I have fulfilled the ethical considerations of Canon 2 of the American Bar Association's Code of Professional Responsibility my entire legal career. This has been evidenced by many actions both personally and professionally. As stated throughout this application, my entire legal career has been devoted to serving the disadvantaged. Most all of my clients have been disadvantaged in one way or another. And most come from low income backgrounds. Even if not from low income backgrounds those who come to me have had some type of adverse employment action taken against them. I have represented my clients who could not pay me and I would have received no remuneration if I had not prevailed on the case. My times I have accepted appointments from the court for prison inmates and other who are disadvantaged. In short, my entire practice is for the disadvantaged.

I have put my name on the list to handle Pro Bono work for the Birmingham Bar Association for years. I have given free advice to many disadvantaged people whose cases I did not take or who didn't have cases.

Outside my profession, I have been a youth teacher at my church for the last 16 years. In that capacity I have taken youth on countless mission trips to help disadvantaged people. I have taken youth to the states of Arkansas, South Carolina, Georgia, North Carolina to repair the homes of disadvantaged people who cannot afford to fix their homes. I have attended Urban Ministries here in Birmingham with youth for many years, as recently as 2008. I have done numerous charity events with the church, including The Three Kings Festival in Bessemer, Alabama for disadvantaged children who could not have a Christmas. I have taken youth to clean up tornado disaster sites on two occasions. I have helped The Church of the Reconsiler with events for youth

in the inner city. In short, I have devoted my adult life to helping the youth of our church understand that the disadvantaged are in constant need of our help.

I was a founding member of Birmingham Hospitality Network and served on that board for almost 5 years. This has become one of the leading charities helping families without homes to have a place to stay in local churches using volunteers to serve food and stay with the families at night. I have served in that capacity as well. I did all the legal work necessary to incorporate the Network and work out a contract for the director. I did not charge for this work.

19. Member of Sigma Nu Fraternity at the University of Alabama (1968-1972) Since graduation have been very vocal in the integration of the fraternity system at the University of Alabama. Have not served in any official capacity with the fraternity since graduation. Still go to the fraternity house on occasion and at those times when asked indicate the house should be integrated.

Only private memberships now are The Club which is integrated. Was a member of Riverchase Country Club but no longer a member. It was an integrated club. Was a member of Altadena Country Club which is also an integrated club but no longer a member.

Vestavia Hills United Methodist Church is not an integrated church as far as membership but that is not because of any rule against such membership. Minorities have been encouraged to join and are involved in many of our activities. The United Methodist Church is making every effort possible to integrate its churches including appointments of minorities. I have been a part of those discussions.

20. REFERENCES:

    1. John D. Saxon
       Attorney at Law
       2119 3rd Ave. No., Birmingham, Al. 35203
       205-324-0223

    2. James C. Pennington
       Attorney at Law
       One Federal Place/ 1819 5th Ave. No., B'ham, Al. 35203
       205-714-4430

    3. James R. Shaw
       Attorney at Law
       Three Protective Center, Birmingham, Al. 35223
       205-251-1193

    4. Hon. Sharon L. Blackburn

       Chief Judge, U.S. District Court
       Northern District of Alabama
       Hugo Black U.S. Courthouse, Birmingham, Al. 35203
       205-278-1810

5.     Sherrie V. McKenzie
       Attorney at Law
       P.O. Box 1138, Monroeville, Al. 36461
       251-575-7037

6.     David R. Arendall
       Attorney at Law
       2018 Morris Ave., Birmingham, Al. 35203
       205-252-1550

7.     Charles S. Coody
       Magistrate Judge
       U.S. District Court, Middle District
       U.S. Courthouse, One Church St., Montgomery, Al. 36104
       334-954-3700

8.     Charles L. Denaburg
       Attorney at Law
       2125 Morris Ave., Birmingham, Al. 35203
       205-250-8402

9.     Fern H. Singer
       Attorney at Law
       1600 Wachovia Tower, Birmingham, Al. 35203
       205-328-0480

10.    Wayne Echols
       2313 Aspen Cove Cir., Birmingham, Al. 35243
       205-969-0025

Although not asked to give references, the following individuals have indicated they would be willing to talk about my qualifications:

1.     Honorable William M. Acker, Jr.
       U.S. District Judge
       Federal Courthouse, Birmingham, Al. 35203
       205-278-1880

2.     Honorable C. Lynwood Smith, Jr.
       U.S. District Judge
       Federal Courthouse, Birmingham, Al. 35203

       256-533-9490

3.    Honorable L. Scott Coogler
    U.S. District Judge
    Federal Courthouse, Birmingham, Al. 35203
    205-278-1920

4.    Honorable James H. Hancock
    U.S. District Judge
    Federal Courthouse, Birmingham, Al. 35203

5.    Honorable Robert B. Propst
    U.S. District Judge
    Federal Courthouse, Birmingham, Al. 35203
    256-236-4170

6.    John E. Ott
    U.S. Magistrate Judge
    Federal Courthouse, Birmingham, Al. 35203
    205-278-1920