# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-75-S-666-S |
| | ) | |
| JEFFERSON COUNTY, ALABAMA, *et al.*, | ) | |
| **Defendants.** | ) | |
| —————————————————— | ) | |
| JOHN W. MARTIN, *et al.*, | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-74-S-17-S |
| | ) | |
| CITY OF BIRMINGHAM, ALABAMA, *et al.*, | ) | |
| **Defendants.** | ) | |

## ORDER APPOINTING RECEIVER
(As modified November 12, 2013, *nunc pro tunc* October 25, 2013)

This Court previously adjudged defendant Jefferson County, Alabama, to be in civil contempt for failing to comply with requirements imposed upon the County by the terms of the Consent Decree entered on December 29, 1982,[1] and found that the remedy of appointing a Receiver to control all employment decisions by the County is warranted.[2]  In furtherance of those judgments, and pursuant to the Court's inherent equitable powers and 28 U.S.C. § 1651, it is ORDERED, ADJUDGED and

---

[1] *See* doc. no. 1824 (Memorandum Opinion and Order entered Aug. 20, 2013) at, *e.g.*, 144 ("Jefferson County's admitted violations of express and unambiguous provisions of its December 29, 1982 consent decree — standing alone, and without even taking into account the numerous, additional violations detailed in the Martin-Bryant parties' proposed findings of fact and conclusions of law — establish a thirty-year pattern of intentional, willful disobedience of this court's orders. Clearly, the Martin-Bryant parties' motion to hold Jefferson County in civil contempt, and to modify some provisions of its decree, is due to be, and it hereby is, GRANTED.").

[2] *Id.* at 145.

DECREED as follows:

1.    **APPOINTMENT OF RECEIVER** — Dr. Ronald R. Sims is appointed Receiver, effective immediately.[3]  The Receiver shall serve at the pleasure of this Court.

2.    **POWERS OF RECEIVER** — The Receiver shall have and exercise all authority necessary to ensure that Jefferson County fully, faithfully, and lawfully complies in a timely, efficient, and cost-effective manner with all obligations required of the County by the terms of its 1982 Consent Decree, as modified by this Court on November 12, 2013 (doc. no. 1842).  In furtherance of those ends, the powers vested in the Receiver shall include, but are not limited to, the following:

   **a**.    full power to direct, control, operate, manage, and administer all decisions by the County pertaining (but not limited) to the hiring, promotion, demotion, transfer, discipline, suspension, or termination of merit- and non-merit-system employees (hereinafter "employment

---

[3] Dr. Ronald R. Sims holds a tenured chair ("Floyd Dewey Gottwald Sr. Professor of Business Administration") in the Mason School of Business at the College of William and Mary in Williamsburg, Virginia.  As demonstrated by the resumé attached to this opinion, Dr. Sims possesses the knowledge, skills, and abilities required for the performance of the critical duties outlined in this Order:  *e.g.*, experience in reforming a public human resources management agency; education and experience in the discipline of Industrial & Organizational Psychology; experience in developing employee section procedures that comply with federal law and the EEOC's Guidelines; experience in working with the staff and appointed members of the Personnel Board of Jefferson County, Alabama; familiarity with the Personnel Board's enabling statutes, rules, and regulations; a demonstrated commitment to efficiency; and, some familiarity with local government.

2

decisions"), together with full power to direct, control, operate, manage, and administer all property, funds, and assets of the County deemed by the Receiver to be necessary and proper for effecting such employment decisions, or otherwise necessary for the expeditious discharge of his duties hereunder, and including, but not limited to: (*i*) all powers vested by Alabama Act Nos. 2011-69 and 2011-70 in the County Manager that relate to employment decisions, including the power to hire, promote, demote, transfer, discipline, suspend, or terminate employees as necessary, and (*ii*) all powers reserved by Alabama Act Nos. 2011-69 and 2011-70 to the Jefferson County Commission that relate to employment decisions, including the powers to appoint non-merit system employees and to employ, appoint, promote, demote, transfer, supervise, discipline, suspend, or terminate department heads or other non-merit system employees as necessary;

**b**.    the power to assess the knowledge, skills, abilities, and competencies of County employees;

**c**.    the power to employ, appoint, promote, demote, transfer, discipline, suspend, or terminate all persons within the Human Resources Department, including the power to eliminate positions, create positions,

3

expand or restructure that department — all without regard to the Enabling Act of the Personnel Board of Jefferson County (as amended), other Personnel Board rules or regulations, or any other conflicting state or local statute, ordinance, rule, regulation, or policy;

**d**.    the power to employ or appoint a personal staff, the sole responsibility of which shall be to aid the Receiver in the performance of his duties hereunder, and the appointment of the members of which shall be made, and the salaries of the members of which shall be set, upon appropriate motion by the Receiver to this Court;

**e**.    the power to enter into contracts for the employment of persons, whether as County employees, outside consultants, or independent contractors, for such purposes as:  (*i*) training the County's employees in the development and implementation of lawful selection procedures, including, but not limited to, expertise in the disciplines of Industrial and Organization Psychology and Human Resources Management; and/or (*ii*) assisting the County's employees in the development and implementation of lawful selection procedures for hiring and promotion in both classified and unclassified positions; and/or (*iii*) developing and implementing lawful selection procedures for hiring and promotion in

4

both classified and unclassified positions;

f. the power to institute suit to recover any fees paid by the County to outside consultants or independent contractors for the development and/or implementation of lawful selection procedures if such work does not, or on the date of its performance did not, conform to generally accepted standards in the disciplines of Industrial and Organization Psychology or Human Resources Management;

g. the power to retain and employ attorneys to advise, assist, or represent the Receiver in connection with his responsibilities hereunder;

h. the power to review without limitation past and current complaints (formal and informal) of employment discrimination against the County including, but not limited to, complaints made to any person acting as an Affirmative Action Officer or Employee Relations Officer and complaints filed with the Equal Employment Opportunity Commission, notwithstanding any prior determination by the County Attorney's Office, the County's Human Resources Department, the County Commission, or the County Manager, and without regard to the date of such complaint or the date of the underlying event(s);

i. the power to resolve and remediate complaints of employment

discrimination, provided that the Receiver shall have no power to redress complaints of employment discrimination as to which: (*i*) there has been a final, nonappealable order from the Jefferson County Personnel Board or a state or federal court; (*ii*) the complaint has been resolved by a legally binding agreement; or (*iii*) the complaint is barred by the applicable statute of limitations or other legal doctrine;

**j**.    Notwithstanding any contrary provision contained herein (with the sole exception of paragraph 7 below, pertaining to temporary orders and interim selections), the County Manager and County Commissioners shall retain full and complete authority vested by law to make employment decisions related to their respective personal, non-merit position staffs.  The County Commission shall also retain its appointing authority and other lawful authority and powers over the County Attorney and County Manager.  The County Attorney shall retain full and complete authority over employment decisions for the other attorneys and staff in the Legal Department.  Those elected officials of the County with statutory authority to make non-merit appointments shall retain authority over employment decisions relating to such appointments, *provided that* any subsequent decision by any such

official concerning the placement or return of any such appointed person into any merit system classification shall be specifically reviewed by, and subject to the decision-making authority of, the Receiver.[4]

Consistent with the powers vested in the Receiver by the provisions of paragraphs 2(a) through 2(j) above, it is specifically ORDERED that all powers, duties, and responsibilities pertaining to or concerning employment decisions by (and vested by Alabama Act Nos. 2011-69 and 2011-70 in) the County Manager or the five elected members of the Jefferson County Commission be, and the same hereby are, as provided for by this Order, suspended and, in lieu thereof, vested in the Receiver until further order of this Court.[5]

3.    **DUTIES OF RECEIVER** — The Receiver's duties include, but are not limited to, the following:

a.    oversee and direct all employment decisions of the County as defined herein, and preserve, protect, and administer all property, assets, and employees required for the discharge of his duties hereunder;

b.    assume responsibility for fulfillment and implementation of all terms of

---

[4] The officials contemplated by this sentence include Jefferson County's Treasurer, Assistant Treasurer, Tax Assessor, Assistant Tax Assessor, Tax Collector, Assistant Tax Collector, District Attorney, elected Deputy District Attorney, Probate Judge, and Family Court Judge.

[5] The Sheriff of Jefferson County is also a party to the Dec. 29, 1982 Consent Decree.  *See* doc. no. 1832.  Nevertheless, nothing in the present Order vests in the Receiver any powers or duties of the Sheriff, nor relieves the Sheriff of any of his obligations under that decree.

7

the County's 1982 Consent Decree, as modified by this Court on November 12, 2013 (doc. no. 1842), and ensure day-to-day compliance with the same by all employees of the County;

c.    assume responsibility for fulfillment and implementation of all functions and obligations required of the County Manager and County Commission as specified in sub-paragraph 2(a) above, and supervise day-to-day compliance with the same by all employees of the County;

d.    implement employee training and development programs, including instruction designed to institutionalize expertise in the disciplines of Industrial and Organization Psychology and Human Resources Management, and competence in the development and administration of lawful selection procedures for hiring and promotion in both classified and unclassified positions;

e.    assess the present organizational structure of the County Human Resources Department, and design appropriate infrastructures, systems, and procedures that will institutionalize the ability of employees within that department to perform all functions — and particularly the functions of developing and administering lawful selection procedures for hiring and promotion — in an efficient, professional, and

8

cost-effective manner, which may include the restructuring of that department and the hiring, firing, promotion or demotion of persons within that department without regard to any state or local statute, ordinance, rule, regulation, or policy, including the Enabling Act of the Personnel Board of Jefferson County (as amended) or the Personnel Board's Rules and Regulations.  The prior duties notwithstanding, nothing in this Order shall be construed to require the Receiver to perform or oversee the functions of the Human Resources Department relating to pre-employment screening, risk management, employee benefits, employee leave programs, or compliance with the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., or the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.;

**f**. develop and implement a fast-track plan for developing and administering lawful selection procedures to bring the County into compliance with all requirements of its 1982 Consent Decree, as modified by this Court on November 12, 2013 (doc. no. 1842);

**g**. develop and implement a fast-track plan to bring the County Human Resources Department in compliance with all provisions of paragraph 33 of its 1982 Consent Decree, as modified by this Court on November

12, 2013 (doc. no. 1842);

**h**.    perform all other acts necessary to transform the County Human Resources Department into a strong and competent institution with a clearly defined mission, the infrastructure, systems, and skills to support that mission, the ability to provide meaningful accountability to the County's department heads, Manager, and Commissioners; and, an institution that discharges all functions in an efficient, professional, and cost-effective manner in substantial compliance with all applicable federal and state laws and regulations;

**i**.    develop and implement effective anti-discrimination and anti-nepotism policies, on which all employees of the County shall receive periodic, mandatory training;

**j**.    manage the Human Resources Department in a manner compliant with all applicable federal and state laws and regulations concerning the privacy and/or confidentiality of employee information, including but not limited to personal, medical, criminal, and financial information, as well as Social Security numbers; and,

**k**.    develop and present to the Court for approval a plan for returning all powers, duties, and functions vested in the Receiver to the County

10

Manager, Director of Human Resources, Affirmative Action Officer, and County Commission at the conclusion of this litigation.

**4**.   **REPORTS** — Not later than 120 days after accepting this appointment, and after receiving input from the Special Master and parties, the Receiver shall submit to the Court, Special Master, and parties a plan detailing the manner in which the Receiver intends to fulfill the duties described above.  Such plan shall include a proposed budget.  Thereafter, not later than the 15th day of each month, the Receiver shall submit to the Court, Special Master, and parties monthly status reports describing: (*i*) significant actions taken by the Receiver during the prior month; (*ii*) any impediments or difficulties that may jeopardize the timely completion of the plan; and (*iii*) any circumstances that may warrant modification to the plan.

**5**.   **BUDGET** — Not later than 120 days after accepting this appointment, the Receiver shall develop a budget for the remainder of the County's fiscal year ending September 30, 2014.  For each subsequent fiscal year, the Receiver shall prepare a budget and provide it to the Court, Special Master, and parties no later than July 15 annually, to enable the County to make appropriate accommodations in its budget for the monies required by the Receiver.   The Receiver shall file the proposed budget with the Court, and the budget shall include, without limitation, the costs and expenses described in paragraphs 6, 8, and 9 of this Order.

11

**a**.     Any party may file an objection to the budget with the Court within twenty (20) days of the Receiver's filing.  Any such objection must contain a detailed explanation of the basis for the party's objection, as well as a statement certifying that the objecting party has conferred, or made reasonable effort to confer, with the Receiver concerning the matter in dispute prior to the filing of the objection.  Such filing must also describe with particularity the steps taken by all parties to resolve the disputed issue(s).

**b**.     *If a party objects*, the Court will, after notice and hearing, authorize the budget with such modifications as it deems warranted for good cause shown.

**c**.     *If no party objects*, then, on the 21st day after the Receiver's filing, the budget will be deemed to have been authorized by this court.

**d**.     The Receiver shall have the full power and authority to direct, control, manage, and administer all expenses as he sees fit within the constraints of the authorized budgets, including the reallocation of monies between or among different types of tasks, consistent with his obligations under this Order, and regardless of the proposed allocation of those funds in the authorized budgets.

12

**e**.     The Receiver may request changes to an authorized budget by filing a motion with the Court, and such motion shall be subject to the procedures provided in sub-paragraphs (a) through (c) of this paragraph, except that the time period for filing any objection shall be reduced to ten (10) days, and the amendment shall be deemed authorized if either (*i*) all parties consent in writing, or (*ii*) no party has objected by the eleventh day.

**f**.     The Receiver shall not have the authority to spend funds in excess of his authorized budget, except upon good cause being shown and by Order of this Court.

**6**.     **ACCOMMODATIONS, EQUIPMENT, AND SUPPLIES** — The County must, and it hereby is ORDERED to, provide suitable rooms and accommodations for the Receiver, his employees, consultants, and retained contractors, and cause the same to be furnished, heated, air-conditioned, and lighted in a manner conducive to the performance of the work of the Receiver hereunder, and cause to be furnished and paid for by the County all necessary stationery, postage, printing, office supplies, computer hardware and software, and clerical assistance necessary for the performance of the work of the Receiver hereunder upon his requisition of the same.

**7**.     **IMMEDIATE AND INTERIM SELECTION** — The Temporary Orders

13

previously issued by this Court,[6] or any that may be issued subsequent to the entry of this Order, shall be deemed terminated 120 days from the date of the Receiver's appointment, or sooner upon notification by the Receiver.

8.   **SCHEDULE AND COMPENSATION OF RECEIVER** — Although the costs of the Receiver's services shall be charged to and paid by the County, the Receiver shall have no contractual relationship with the County, but shall instead be responsible solely to this Court, and shall serve at the Court's pleasure.  It is contemplated by the Court that the Receiver's duties and obligations will be substantially completed in three years or less, but that the Receiver will continue functioning as a consultant to the County, County Manager, and the Director of the County's Department of Human Resources (selected by the Receiver as needed), acting under the control of, and reporting to, this Court.  The Receiver's annual compensation for his first year of services shall be $240,000.  In the event the Receiver's services are terminated by this Court for any reason, the Receiver shall be compensated only through the date of such termination.

9.   **ADMINISTRATIVE EXPENSES OF RECEIVER** — The Receiver's compensation, the salaries of all employees of the Receiver, and all other reasonable expenses of the Receiver arising under the provisions of this Order, including but not

---

[6] *See* doc. nos. 1780 and 1802.

limited to travel, lodging, and the fees of any consultants or attorneys retained by the Receiver, shall be paid by requisition order submitted to the County.  In the event any requisition order is not paid within 30 days after submission, the Receiver shall institute an appropriate proceeding in this Court.

10.   **DUTIES OF COUNTY OFFICIALS** — The purpose of this Receivership is not for the Receiver to assume the role of the elected governing body for Jefferson County.  Absent further court order to the contrary, and except as otherwise provided herein with respect to employment decisions, the Jefferson County Commission retains the duties, responsibilities and authority granted to it under Title 11 of the 1975 Code of Alabama, the 1901 Constitution of Alabama, the Acts of Alabama (specifically including Alabama Act No. 2011-69, Sections 2 through 6), all other state and local laws applicable to the County, the County's Rules of Order and Procedure, and all applicable federal laws, statutes and consent decrees, including without limitation Title 11 of the United States Code, and all orders entered by the United States Bankruptcy Court for the Northern District of Alabama in *In re Jefferson County, Alabama*, Case No. 11-05736-TBB9 ("the Bankruptcy Case"), the County's confirmed chapter 9 plan in the Bankruptcy Case ("the Bankruptcy Plan"), and, the consent decree by and between the County and the United States Environmental Protection Agency pertaining to wastewater treatment entered in

15

consolidated Case Nos. 93-G-2492-S and 94-G-2947-S, in the United States District Court for the Northern District of Alabama, as such consent decree may be amended from time to time ("the CWA Consent Decree"). This includes the County's retention of all rights and authorities relating to its property and revenues including, but not limited to, establishing, setting, collecting, charging, waiving, or repealing any and all taxes, charges, fees, receipts, licenses, levies, duties, or assessments of any nature whatsoever. Absent further court order to the contrary, except as set forth herein with respect to employment decisions, the County Manager shall retain his duties and responsibilities set forth in Alabama Act No. 2011-69, Sections 7(1)-(2) and 7(4)-(11).

      **a**.    It shall be the duty of all elected and appointed officials, employees, and attorneys of the County to aid in all proper ways in carrying into effect the provisions of this Order, and the rules, regulations, and directives prescribed from time-to-time by the Receiver in the performance of his duties hereunder. These duties include, *but are not limited to*, those described in paragraphs 6, 8, and 9 above, and prompt and reasonable accommodation of the Receiver's request for the use of public buildings (together with necessary heat, air-conditioning, lights, and other utilities and services) as required by this Order and the terms of the Consent

16

Decree.  In accordance with the discussion contained in Section VI.B. of the Memorandum Opinion entered on August 20, 2013 as doc. no. 1824, it is further ORDERED, ADJUDGED, and DECREED that Jefferson County, Alabama, its elected and appointed officials, employees, agents, servants, attorneys, and any other person acting in concert with the foregoing, directly or indirectly, and those persons who receive actual notice of this order by personal service or otherwise, be, and they hereby are, *restrained and enjoined* from taking any action, or failing or refusing to take any action, that has the effect of frustrating or delaying the Receiver in the performance of his duties hereunder.

**b**.  If the County believes in good faith that any action proposed or undertaken by the Receiver hereunder will materially interfere with the functions of the County, including but not limited to, under the CWA Consent Decree, the Bankruptcy Plan, or other orders in the Bankruptcy Case, the County shall first attempt to resolve the matter with the Receiver.  After attempts to resolve the matter have been exhausted, the County may, on appropriate motion to this Court, challenge the Receiver's action.

**11**.  **DUTIES OF THE PERSONNEL BOARD** — The Personnel Board of

17

Jefferson County, Alabama ("Personnel Board") must, and it hereby is ORDERED to, comply reasonably and promptly with the Receiver's requests (whether formal or informal) for the production of documents and/or information held by that agency, without the necessity of a third-party subpoena issued pursuant to Federal Rule of Civil Procedure 45, and, except where the request(s) require(s) a substantial expenditure of resources, without requiring the Receiver to reimburse the Personnel Board for the costs associated with such production. The Personnel Board is expected, and it hereby is ORDERED, to cooperate with requests from the Receiver in the ordinary course of business without the necessity for Court intervention. Either the Personnel Board or the Receiver may, however, ask the Court to resolve any dispute regarding the Personnel Board's compliance with this paragraph, but only after proper procedures have been followed to frame and narrow the issues for the Court's consideration (*e.g.*, a written request by the Receiver, specifying with reasonable particularly the documents and/or information sought, followed by a reasonable period of time in which the Personnel Board may object and respond, and at least one good-faith attempt to meet and confer).

        **a**.    Notwithstanding the foregoing, the Personnel Board shall not be required to produce copies of: (*i*) actual test questions or stimuli; (*ii*) test answers, response keys, scoring guides, or assessment benchmarks

or checklists; and (*iii*) any other information that would be covered by Personnel Board Rule 9.14, *unless* the Receiver demonstrates a compelling need for the information. Any documents and/or information described in clauses (*i*) through (*iii*) of this paragraph shall be subject to an appropriate confidentiality order.

**b**. In making any requests for information under this paragraph, the Receiver should give due consideration to the Personnel Board's obligation to provide timely services to all jurisdictions and governmental hiring authorities serviced by the Board in a cost-effective manner. If appropriate as to any documents or information to be produced under this paragraph, the Receiver and Personnel Board shall discuss and seek to agree upon appropriate confidentiality conditions, to be entered as Orders of this Court upon application as necessary to effectuate such conditions.

**c**. The Personnel Board shall continue to review requests by the County for independent contractors as provided in Personnel Board Rule 11.4, but both the County and the Personnel Board shall include the Receiver in any and all correspondence related to such requests. In the event of any dispute arising from the County's use of independent contractors, the

19

Personnel Board, Receiver, or a party may, upon appropriate motion, bring the dispute to this Court.

d. At the conclusion of the Receiver's service to the Court, any employee retained by the Receiver as an employee of the County's Department of Human Resources as provided herein shall be credited the length of his or her service for purposes of the Personnel Board's rules and regulations, and shall enjoy all rights of a merit system employee. The Personnel Board's Director of Personnel shall determine the appropriate merit system classification(s) for such employee(s), and shall fix the compensation of such employees at the grade(s) and step(s) most nearly approximating the compensation paid to such employee(s) by the Receiver. Persons the Receiver retains as consultants or temporary employees shall have no such rights as a result of their work for the Receiver.

12. APPEALS FROM DEMOTION, DISCIPLINE, SUSPENSION, OR TERMI-NATION DECISIONS — Merit system County employees subject to demotion, suspension, discipline, or termination at the instance of someone other than the Receiver may avail themselves of all rights and procedures of appeal as provided by the Rules and Regulations promulgated by the Personnel Board of Jefferson County

and any applicable state or federal law.  Consistent with the powers vested in the Receiver by sub-paragraph 2(a) above, however, the members of the Personnel Board *shall not perform* the Board's quasi-judicial functions with respect to merit system County employees subject to demotion, discipline, suspension, or termination at the instance of the Receiver.  Instead, for the duration of the Receivership imposed by this order, any such employee shall be entitled to a due process hearing before a Magistrate Judge of this Court randomly drawn, who shall apply the same standards of review as would otherwise be applied by the Personnel Board in such matters, but for the existence of this Court's order.  *See* 28 U.S.C. §§ 636(b)(3), 1651.  Any employee wishing to avail himself or herself of this procedure shall notify the Receiver in writing, and file a copy with the Clerk of this Court, within ten (10) calendar days after notification of the contested employment action.  Within ten (10) calendar days thereafter, the Receiver shall file with the Clerk of Court a copy of the written notice of the contested employment action and a written statement of the reasons for the action taken with respect to the employee.  The Clerk shall draw at random a Magistrate Judge of the court, who shall conduct a hearing on the matter within ten (10) working days after assignment of the case to him or her.  The hearing may be continued for not more than thirty (30) days on agreement of the parties, or on motion for good cause shown.  Upon completion of the hearing, the Magistrate

21

Judge shall file a written report stating his or her findings of fact and conclusions of law, together with a recommendation for disposition of the appeal.  Either party may file objections to the Magistrate Judge's report and recommendation within ten (10) calendar days after it is entered, and this Court shall thereafter enter such orders as may be appropriate.

      **a**.    In the event a non-merit-system County employee is demoted, disciplined, suspended, or terminated at the instance of someone other than the Receiver, that employee may submit a complaint to the Receiver.

      **b**.    Any non-merit-system County employee who is demoted, disciplined, suspended, or terminated at the instance of the Receiver shall have no further recourse.

**13**.  **IMMUNITY** — The Receiver shall have the status of an officer and agent of this Court; and, as such, shall be vested with such immunities as by law vest with this Court.  The County shall indemnify the Receiver for liabilities, damages, and losses incurred, and shall pay, upon a certification of expenses approved by the Court, all expenses reasonably incurred in defending any lawsuit or administrative proceeding in which the Receiver is named as a party, either personally or as the Receiver, or in which liability may otherwise attach to him, if such suit or proceeding

is based upon or arises out of any action taken within the scope of the Receivership as defined in this Order.

14.    LEGAL SERVICES — Without limitation to the powers set forth in sub-paragraph 2(g) above, if this Order, or any steps taken by the Receiver in furtherance of this Order, or any subsequent Order of this Court shall be called into question in any judicial proceeding, or if any elected or appointed official, employee, or attorney of the County should fail or refuse to comply with the duties imposed by this Order (or any other provision of Alabama law pertaining to the functions of the County), then, in any of such events, the Receiver shall employ independent counsel to represent him in the performance of his duties and the enforcement of obligations imposed hereunder.  The compensation of counsel retained by the Receiver shall be paid as all other administrative expenses of the Receiver are paid, as provided in paragraph 9 above.

15.    RELATIONSHIP BETWEEN THE RECEIVER AND SPECIAL MASTER — The Receiver and Special Master both serve at the pleasure of this Court. Accordingly, the Receiver may call upon the Special Master for any information, advice, or counsel required to discharge the Receiver's duties hereunder.

16.    MODIFICATION — This order may be modified as necessary to assure the success of the receivership and, as expeditiously as possible, to return operation

of the County's employment decisions to the County Manager and elected members of the County Commission.

**DONE** AND **ORDERED** this 12th day of November, 2013, *nunc pro tunc* October 25, 2013.[7]

_____
United States District Judge

_____

[7] This is the date upon which the Order Appointing Receiver was originally entered as doc. no. 1839.

24