IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>JEFFERSON COUNTY,<br>ALABAMA, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>CV-75-666 |

### MOTION TO MODIFY ORDER APPOINTING THE RECEIVER

The Receiver respectfully moves the Court to modify Paragraph 2(j) of the Order Appointing the Receiver[1] so as to provide that certain exceptions from the Receiver's jurisdiction provided for there shall apply only to statutory non-merit appointments that were authorized by State law on the date the order was originally entered. As grounds for this motion, the Receiver says:

Paragraph 2(j) of the Order Appointing the Receiver provides for certain narrow exceptions from the Receiver's jurisdiction. Two such exceptions provide that, to the extent that elected officials of the County are authorized by state statute

---

[1] "Order Appointing Receiver," Doc. No. 1843, *as modified* November 12, 2013, *nunc pro tunc* October 25, 2013.

1

to make certain non-merit appointments, those non-merit appointments are not to be governed by the Receiver:

> Notwithstanding any contrary provision contained herein (with the sole exception of paragraph 7 below, pertaining to temporary orders and interim selections), *the County Manager and County Commissioners shall retain full and complete authority vested by law to make employment decisions related to their respective personal, non-merit position staffs*. The County Commission shall also retain its appointing authority and other lawful authority and powers over the County Attorney and County Manager. The County Attorney shall retain full and complete authority over employment decisions for the other attorneys and staff in the Legal Department. *Those elected officials of the County with statutory authority to make non-merit appointments shall retain authority over employment decisions relating to such appointments*, provided that any subsequent decision by any such official concerning the placement or return of any such appointed person into any merit system classification shall be specifically reviewed by, and subject to the decision-making authority of, the Receiver.

Order Appointing Receiver, ¶ 2(j) (emphasis added) (footnote omitted).

The Receiver fully supports these exceptions, *as originally conceived*. But the Receiver has become aware of a bill currently pending in the Alabama Legislature that, if enacted, would increase the number of exempt, non-merit appointments allowed to the Presiding Judge of Probate from one to seven. According to public information from Alabama Legislative Information System Online (ALISON), the bill has been filed, assigned the number S.B. 158, read for the first time, and assigned to the Senate Committee for Local Legislation No. 2. For the Court's reference, a copy of S.B. 158 is attached as Exhibit 1.

2

The Court has broad discretion to modify its own orders and judgments. "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Further, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). These rules "provide[] a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (*quoting Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)).

Conditions justifying a surgical modification of the Order Appointing the Receiver now exist. The Receiver acknowledges Alabama's prerogative—within the boundaries established by federal law—to structure its public employment laws as it sees fit. But the Receiver is concerned that S.B. 158 (or any similar bill) might, if enacted, have the unintended effect of expanding the exceptions provided in Paragraph 2(j) well beyond the bounds originally set by the Court. If the Legislature could create an unlimited number of new non-merit appointments and thus exempt them from the Receiver's purview, then the remedy for the County's contempt of its

3

30-year-old consent decree could become a nullity. It seems evident that the Court did not intend this to be possible. Even though S.B.158 has not been enacted and may never be enacted, modification of the Order now will settle the issue and give needed certainty to all stakeholders.

To prevent S.B. 158 or any similar legislation from potentially frustrating the relief granted by the Court, whether inadvertently or otherwise, the Receiver requests that the foregoing passage from Paragraph 2(j) be amended to read as follows:

> Notwithstanding any contrary provision contained herein (with the sole exception of paragraph 7 below, pertaining to temporary orders and interim selections), the County Manager and County Commissioners shall retain full and complete authority vested by law to make employment decisions related to their respective personal, non-merit position staffs. The County Commission shall also retain its appointing authority and other lawful authority and powers over the County Attorney and County Manager. The County Attorney shall retain full and complete authority over employment decisions for the other attorneys and staff in the Legal Department. Those elected officials of the County with statutory authority to make non-merit appointments shall retain authority over employment decisions relating to such appointments, provided that any subsequent decision by any such official concerning the placement or return of any such appointed person into any merit system classification shall be specifically reviewed by, and subject to the decision-making authority of, the Receiver. <u>The exceptions for non-merit appointments set out in this Paragraph 2(j) shall apply only to non-merit appointments that were authorized under state law as it existed on October 25, 2013.</u>

The foregoing amendment, if granted by the Court, would preserve the narrow exceptions originally intended by the Court, while preventing any future changes in

4

state law from affecting the scope of those exceptions.  No accretion or erosion of the Receiver's powers are intended or sought.

Undersigned counsel is authorized to state that this motion is not opposed by Jefferson County, the United States, or the Martin Plaintiffs and Bryant Intervenors. Undersigned counsel further understands that the relief sought in this motion is not opposed by Alan King, Presiding Judge of Probate.

For the foregoing reasons, the Receiver requests that this motion be granted and that the Order Appointing the Receiver be amended as set forth above.

Respectfully submitted,

 */s/ Aaron L. Dettling*
Counsel for Dr. Ronald R. Sims, Court-Appointed Receiver

Of Counsel:

Aaron L. Dettling, Lawyer, L.L.C.
5809 Feldspar Way, Suite 111
Hoover, Alabama 35244
E-mail: aaron@dettlinglaw.com
Phone: (205) 988-3119

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2014, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Aaron L. Dettling*
Of Counsel
