# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Civil Action No. CV-75-S-666-S** |
| | ) | |
| **JEFFERSON COUNTY, ALABAMA,** *et al.*, | ) | |
| Defendants. | ) | |
| _____ | ) | |
| **JOHN W. MARTIN,** *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **Civil Action No. CV-74-S-17-S** |
| | ) | |
| **CITY OF BIRMINGHAM, ALABAMA,** *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

With the concurrence of counsel for all parties in these consolidated actions, it is ORDERED, ADJUDGED, and DECREED as follows:

1.  Lorren Oliver will serve as Interim Receiver until the Court identifies and appoints a new, permanent Receiver or until November 30, 2015, whichever occurs first. Following the appointment of a permanent Receiver, Oliver will remain available to consult with the new Receiver.

2.  For the duration of the interim appointment, Oliver will carry out all powers, duties, and other functions described in the Order Appointing Receiver,[1] and enjoy all of the rights, privileges, and immunities bestowed by that Order upon the Receiver.

---

[1] Doc. no. 1843.

3.  Oliver will continue to be employed by the Personnel Board of Jefferson County, serving as an "executive on loan" to the County, and devoting approximately 75% of his work time to his duties as Interim Receiver.

4.  The Personnel Board will continue to pay Oliver's salary and benefits but the County will reimburse the Personnel Board for his services. Seventy-five percent of Mr. Oliver's time will be expensed to the County, and appropriate credits will be made to the Personnel Board's payroll account. In the event that Mr. Oliver spends significantly more or less than 75% of his time at the County, the Personnel Board will notify the County, and appropriate entries and adjustments will be made. It is anticipated that the Personnel Board will increase Oliver's annual salary for this interim period to $240,000.

5.  Oliver will not provide a monthly report to the Court in June or July 2015. Approximately sixty days after the appointment but no later than August 10, 2015, he will submit to the Court a comprehensive assessment of the status of Jefferson County Human Resources functions and progress in compliance with County's Consent Decree, along with recommendations to advance the work until a new Receiver is appointed. Unless he is relieved as Interim Receiver, Oliver will provide the Court and the Parties with monthly Status Reports on September 15, 2015, October 15, 2015, and November 15, 2015.

6. To avoid even the appearance of conflict between his duties as the Interim Receiver and as the Director of the Personnel Board, Oliver will not participate in any matter that the Jefferson County Commission has before the Personnel Board for the duration of the interim appointment.

DONE and ORDERED this 11th day of June, 2015

_____
United States District Judge